Guy W. Parker
14924 Conchos Dr.
Poway, CA 92064
858-486-6469

FILED

08 FEB -4  PM 3:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ *PDU* DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

GUY W. PARKER,
               Plaintiff,
  -v-

BETTY W. CLINGERMAN,
               Defendant.

)
)
)
)
)
)
)

'08 CV 0212 L WMc

Case Number _____

### Pure Bill for Equitable Discovery of Contract Officer of Record
### For Contract FA8621-04-D-6250

Article III Section 2 Original and Appellate Jurisdictions: Questions of Law: "Controversy between Citizens of Different States, Government Officer and Officer Representative without Contract Officer of Record Delegated Warrant Authority": Subject Matter "Federal Question Government Public Contracts Exclusive Jurisdiction of the Court of Federal Claims". The form of Claims or Complaints to the agency cannot be determined until the Contract Officer of Record is identified for that individual to render a final and conclusive decision. (P.L. 95-563 (CDA)). Replication and mailing the written contract officer authority documents and mutually signed SF26 documents as requested to this contractor and this court from the contract administration files or agency files for Contract FA8621-04-D-6250 is of minimal expense, does not impact national security, is in the best interest of the public, and is required by the contract, law, and regulation as specified in FAR 1.6.

1 Betty W. Clingerman's Contract Officer Warrant prior to 2006
2 Betty W. Clingerman's Contract Officer Authority after 2006
3 The termination of contract authority of Michael L. Grove
4 Michael L. Grove's Contract Officer Warrant prior to 2006
5 Michael L. Grove's Contract Officer Authority after 2006
6 A Standard Form 26 signed by this contractor and Betty W. Clingerman



# Table of Contents

1.  Cause of Action................................................................1-1

    Pure Bill for Equitable Discovery ..................................1-1

Statement of Relief Sought...............................................1-6

Jurisdiction .....................................................................1-7

Conclusion......................................................................1-10

2.  Exhibits .......................................................................2-1

Exhibit 1.........................................................................2-2

Contract Cover Sheet Standard Form 26 (SF26)...............2-2

Exhibit 2.........................................................................2-3

    Mandatory Alternative Dispute Resolution (ADR) ........2-3

    Contract FA862104D6250 Attachment 7 (FFA 9 U.S.C. §§ 1-14)..2-3

Exhibit 3.........................................................................2-4

    FAR 1.602 Contract Officer's Authority .........................2-4

Exhibit 4.........................................................................2-5

    Loss of Contract Officer of Record .................................2-5

Exhibit 5.........................................................................2-6

    Contract Ordering Officer for Contract FA862104D6250..............2-6

Exhibit 6.........................................................................2-7

    Contract Authority Ended on February 22, 2006...........2-7

Exhibit 7.............................................................................2-8

   Limits of the authority of a Contract Ordering Officer...................2-8

Exhibit 8.............................................................................2-9

   Self-Declaration of Betty W. Clingerman.......................................2-9

Exhibit 9............................................................................2-10

   Certificate of Warrant, Appointments, and Termination ............2-10

Exhibit 10...........................................................................2-11

   Certificate of Interest and Corporate Disclosure Statement .......2-11

Exhibit 11...........................................................................2-12

   Demand Letter for Production of Required Documents...............2-12

3.  Certificate of Service ....................................................3-1

iii

1                          **Cause of Action**

2                   **Pure Bill for Equitable Discovery**

3          This Pure Bill for Equitable Discovery is based on an express

4   contract between this petitioner and a government agency. Contract

5   FA8621-04-D-6250 is a five year Firm Fixed Price Contract with

6   Delivery Order Incentives mutually negotiated and mutually agreed

7   signed on March 22, 2004 of value $3,000,000. (**Please Reference**

8   **Exhibit 1**). The recorded Contract Officer of Record is Michael L.

9   Grove. There is Public Law 95-563 (amended) (Contracts Disputes Act

10  of 1978) (CDA) inserted into the Disputes Clause of the contract. Public

11  Law 95-563 (amended) requires that the Contract Officer of Record be

12  identified. The unique mutually agreed Disputes Clauses in Contract

13  FA8621-04-D-6250 requires two steps to submit a Complaint or Claim:

14     **A)** Pre-negotiated and mutually agreed Mandatory Alternative

15          Dispute Resolution (ADR) (Attachment 7) (FFA 9 U.S.C. §§ 1-14);

16     **B)** After mandatory ADR a Compliant or Claim may be sent to the

17          recorded Contract Officer of Record for a final and conclusive

18          decision.

19  (**Please Reference Exhibit 2**).

1-1

1    Federal Acquisition Regulation 1.6 requires the Contract Officer of

2    Record be identified on the cover of the contract and that information

3    regarding the contracting authority be provided anytime on demand by

4    this contractor, government agency, or public. (**Please Reference**

5    **Exhibit 3**). There are four identified events that create this cause of

6    action Pure Bill of Equitable Discovery:

7    **1)** Apparent Loss of Contract Officer of Record;

8    **2)** Contracting Ordering Officer Changes Contract without Authority;

9    **3)** Contracting Ordering Officer Refuses to Provide Authority Documents;

10    **4)** Government Agency refuses Mandatory ADR Disputes Clause.

11    The recorded Contract Officer of Record, Michael L. Grove, appears

12    to no longer be able to fulfill his contractual obligations. This first

13    identified event, apparent Loss of Contract Officer of Record, creates an

14    apparent material change to the contract that requires a new Contract

15    Officer of Record be mutually agreed and mutually signed on Contract

16    Standard Form 26. The recorded Contract Officer of Record, Michael L.

17    Grove, knew of his pending reassignment nine months before his

18    reassignment, his request to his agency to install a new Contract Officer

19    of Record was ignored by the agency. (**Please Reference Exhibit 4**)

1-2

1    The first identified event, "Loss of Contract Officer of Record", causes

2    no apparent "Breach of Contract" or "Negligence" on the part of the

3    Contract Officer of Record, Michael L. Grove. Michael L. Grove explains

4    that his contract officer authority was derived from individuals who

5    have since left the agency. The current recorded Contract Officer of

6    Record, Michael L. Grove, is still with the same agency and is

7    positioned    within    the    agency    at    the    same    level    Contract

8    FA862104D6250 was created. (**Please Reference Exhibit 4**).

9    This cause of action is a request to this court in response to the

10    second and third identified events: "Contract Ordering Officer Changes

11    Contract without Authority" and "Contract Ordering Officer Refuses to

12    Provide Authority Documents". A Contracting Ordering Officer that

13    does not have Contract Officer of Record Authority (SF26) makes

14    unilateral changes to the contract and attempts to compel performance.

15    The named individual in this Pure Bill for Equitable Discovery, a

16    Contracting Ordering Officer, has no contract authority to change the

17    basic contract agreement FA8621-04-D-6250. (**Please Reference**

18    **Exhibit 5**). The Contracting Ordering Officer's contract authority

19    ended on February 22, 2006. (**Please Reference Exhibit 6**).

1-3

1     The form of Claims or Complaints to the agency cannot be

2     determined until the Contract Officer of Record is identified for that

3     individual to render a final and conclusive decision. (P.L. 95-563 (CDA))

4     Replication and mailing the written contract officer authority

5     documents and mutually signed SF26 documents as requested to this

6     contractor and this court from the contract administration files or

7     agency files for Contract FA8621-04-D-6250 is of minimal expense, does

8     not impact national security, is in the best interest of the public, and is

9     required by the contract, law, and regulation as specified in FAR 1.6.

10    The documents should be readily available from the contract

11    administration files, the agency files, and from the named individuals.

12    A Contract Officer of Record (SF26) cannot be "assigned". A mutual

13    agreement in the form of a Standard Form 26 (SF26) is required to

14    rectify the material change of contract "Loss of Contract Officer of

15    Record". A Contracting Ordering Officer cannot change the terms and

16    conditions of the basic contract agreement Contract FA862104-D-6250.

17    To confirm that there is a "Lost Contract Officer of Record", a written

18    termination of contract authority is required to be signed by the agency,

19    provided to the contractor, and filed in the contract administration files.

1    In order to submit Complaints or Claims to the United States Court

2    of Federal Claims the Contract Officer of Record must be identified on a

3    mutually signed Standard Form 26. A Contracting Ordering Officer

4    does not have Contract Officer of Record Authority (SF26) to make

5    unilateral changes to the basic contract agreement Contract FA862104-

6    D6250. (**Please Reference Exhibit 7**). A Contracting Ordering Officer

7    that does not have Contract Officer of Record Authority (SF26) made

8    unilateral changes to the basic contract and attempted to compel this

9    contractor to perform. Adjudication of these three events in Court of

10   Federal Claims Non-Monetary Disputes 06-701 and 06-715 and in the

11   Court of Appeals for the Federal Circuit Appeal 2007-5163, a third

12   identified event occurs that supports this cause of action Pure Bill of

13   Equitable Discovery. The agency refused Mandatory Alternative

14   Dispute Resolution Contract Attachment 7 (FAA 9 U.S.C. §§ 1-14).

15   Disputes 06-701 and 06-715 were dismissed for lack of subject matter

16   jurisdiction by the Court of Federal Claims on June 28, 2007 after 10

17   months of litigation to determine the identification of the Contract

18   Officer of Record, perform Judicial Administrative Review (41 U.S.C. §§

19   321-322), perform ADR, and install a new Contract Officer of record.

1              **Statement of Relief Sought**

2        The requested remedies for this limited Pure Bill of Equitable

3    Discovery include the following documents to verify if Betty W.

4    Clingerman is the recorded Contract Officer of Record for the purposes

5    of Public Law 95-563 (amended) (Contract Disputes Act of 1978):

| | |
|---|---|
| 1 | Betty W. Clingerman's Contract Officer Warrant prior to 2006 |
| 2 | Betty W. Clingerman's Contract Officer Authority after 2006 |
| 3 | The termination of contract authority of Michael L. Grove |
| 4 | Michael L. Grove's Contract Officer Warrant prior to 2006 |
| 5 | Michael L. Grove's Contract Officer Authority after 2006 |
| 6 | A Standard Form 26 signed by this contractor and Clingerman |

6
7        The documents are required to be readily available. For this

8    contractor with standing, a Freedom of Information Act Request is not

9    required. An agency letter of intent is not acceptable. A court

10   declaratory judgement is not a substitute for a mutually signed SF 26.

11   An Agency Memorandum stating the existence but not providing for the

12   inspection of the documents is not acceptable. A Self-Declared

13   Declaration is not acceptable. (**Please Reference Exhibit 9**).

In the event the Contractor effects any such change at the direction of
any person other than the Contracting Officer of Record, the change
will be considered to have been made without authority and solely at
the risk of the Contractor.

14

1-6

1                            **Jurisdiction**

2        Jurisdiction of this United States District Court for this Pure Bill for

3    Equitable Discovery is Pub. L. No. 94-574 and Pub. L. No. 83-356:

The Congress has enacted a partial waiver of the sovereign immunity defense as to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, et seq. By Pub. L. No. 94-574, Act of October 21, 1976, 90 Stat. 2721, 5 U.S.C. § 702 was amended to provide that an ("action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." In addition, 5 U.S.C. § 703 has been amended to allow suit to be brought against the United States or any of its agencies or officers. The sovereign immunity defense has been withdrawn only with respect to actions seeking specific relief other than money damages, such as an injunction, a declaratory judgment, or a writ of mandamus. Bowen v. Massachusetts, 487 U.S. 879 (1988). See H.Rep. 94-1656, p.13, 1976.

4

68 Stat. 81. TITLE 41 CHAPTER 5 § 321 § 322
§ 321. Limitation on pleading contract provisions relating to finality; standards of review: No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency OR his duly authorized representative OR board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: Provided, however, That any such decision shall be final and conclusive unless the same is fraudent [1] or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence. § 322. Contract provisions making decisions final on questions of law: No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board.  NOTES: Source (May 11, 1954, ch. 199, § 1, 68 Stat. 81.) Agency Actions Generally, Judicial Review: Judicial review of agency actions generally, see section 701 et seq. of Title 5, Government Organization and Employees. [1] So in original. Probably should be "fraudulent".

1    Pub. L. No. 83-356 68 Stat. 81 evidenced at 41 U.S.C. §§321-322:

2

> **68 STAT.]**    **PUBLIC LAW 357—MAY 11, 1954**    **81**
>
> **Public Law 356**    May 11, 1954    Government con-    **CHAPTER 199**
>    [S. 24]    tracts.
>                Judicial review.
>
> **AN ACT**    Approved May 11, 1954.
>
> To permit review of decisions of the heads of departments, or their representa-
> tives or boards, involving questions arising under Government contracts.
>
> *Be it enacted by the Senate and House of Representatives of the*
> *United States of America in Congress assembled,* That no provision
> of any contract entered into by the United States, relating to the
> finality or conclusiveness of any decision of the head of any depart-
> ment or agency or his duly authorized representative or board in a
> dispute involving a question arising under such contract, shall be
> pleaded in any suit now filed or to be filed as limiting judicial review
> of any such decision to cases where fraud by such official or his said
> representative or board is alleged: *Provided, however,* That any such
> decision shall be final and conclusive unless the same is fradulent or
> capricious or arbitrary or so grossly erroneous as necessarily to imply
> bad faith, or is not supported by substantial evidence.
>    **SEC. 2.** No Government contract shall contain a provision making
> final on a question of law the decision of any administrative official,
> representative, or board.

3

4    This Pure Bill of Equitable Discovery appears not subject to an

5    interlocutory appeal to the United States Court of Appeals for the

6    Federal Circuit provided in 28 USC § 1292(c):

> **28 USC § 1292(c) Interlocutory decisions** (a) Except as provided in
> subsections (c) and (d) of this section, the courts of appeals shall have
> jurisdiction of appeals... (c) **The United States Court of Appeals for the**
> **Federal Circuit** shall have exclusive jurisdiction-- (1) of an appeal from an
> interlocutory order or decree described in subsection (a) or (b) of this section
> **in any case over which the court would have jurisdiction of an**
> **appeal under section 1295 of this title;** and (2) **of an appeal from a**
> **judgment in a civil action for patent infringement** which would
> otherwise be appealable to the United States Court of Appeals for the
> Federal Circuit and is final except for an accounting.

1-8

1      Until the defendant or agency can substantiate that she is the

2    recorded FA8621-04-D-6250 Contract Officer of Record, the defendant

3    appears as a private citizen acting outside her scope of employment.

4    The substantive fact that Ms. Betty Clingerman may be employed by

5    the government agency for other contracts appears not relevant.

Title 28 Jurisdiction And Venue Chapter 83--Courts Of Appeals **Sec. 1295.**
Jurisdiction of the United States Court of Appeals for the Federal Circuit
(a) The United States Court of Appeals for the Federal Circuit shall have
exclusive jurisdiction— (1) of an appeal from a final decision of a district
court ..., if the jurisdiction of that court was based, in whole or in part, on
section 1338 of this title...; (2) of an appeal from a final decision of a district
court of the United States..., if the jurisdiction of that court was based, in
whole or in part, on section 1346 of this title..., (3) of an appeal from a final
decision of the United States Court of Federal Claims; ... (10) of an appeal
from a final decision of an agency board of contract appeals pursuant to
section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. 607(g)(1));

6

7      Non-Monetary Disputes 06-701 and 06-715 were forced into the

8    United States Court of Federal Claims by United States Court of

9    Appeals for the Federal Circuit case law *Texas Health Choice, L.C. v.*

10   *Office of Personnel Management* 400 F.3d 895 (Fed. Cir. 2005), and

11   *Quality Tooling, Inc. v. United States*, 47 F.3d 1569. Judicial Branch

12   Case Law Legislation 400 F.3d 895 and 47 F.3d 1569 apparently

13   annihilated access to the Article III United States District Courts for

14   this petitioner and for all Small Business and DOD contractors.

1                              **Conclusion**

2          This contractor does not desire to assume risk. The contract and

3     federal regulations require the requested documents be provided. (**See**

4     **Exhibit 9**). Upon receipt or non-receipt of the required documents, a

5     Complaint for Non-Monetary Damages or a Civil Action exceeding

6     $75,000 may be presented to this court, and/or a Claim in excess of

7     $345,000 may be submitted to the Court of Federal Claims based on the

8     final decision of the identified, verified, and recorded Contractor Officer

9     of Recorded acquired through these court proceedings. This contractor's

10    Certificate of Interest is provided. (**See Exhibit 10**).  This Pure Bill for

11    Equitable Discovery is provided to this individual and the agency for

12    which she is in apparently employed in the form of a Demand Letter.

13    (**See Exhibit 11**). Service is provided in accordance with "Other

14    Papers" FRCP Rule 5. This demand request is made to provide the

15    requested documents on or before February 22, 2008. If the agency is

16    unable respond, the court shall consider the documents do not exist.

17    Respectfully submitted,

18    /s_____

19    Guy W. Parker                                    February 4, 2008

20    14924 Conchos Dr., Poway, California 92064, 858-486-6469

# Exhibits

**Exhibit 1**

**Contract Cover Sheet Standard Form 26 (SF26)**

## CONTRACT FILES

| AWARD / CONTRACT | 1. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 350) | RATING DO-A1 | PAGE 1 | of PAGES 14 |
|---|---|---|---|---|

| 2. CONTRACT (PROC. INST. IDENT.) NO. FA8621-04-D-6250 | 3. EFFECTIVE DATE 2 2 MAR 2004 | 4. REQUISITION / PURCHASE REQUEST / PROJECT NO. See Section G | | |
|---|---|---|---|---|

| 5. ISSUED BY ASC/YWK | CODE FA8621 | 6. ADMINISTERED BY (IF OTHER THAN ITEM 5) | CODE S3605A |
|---|---|---|---|
| USAF/AFMC HQ AERONAUTICAL SYSTEMS CENTER 2300 D STREET WRIGHT-PATTERSON AFB OH 45433-7249 JAMES H. WILLIAMS   937 255-0987 X3341 james.williams@wpafb.af.mil | | DCMA DAYTON AREA C  BUILDING 30 1725 VAN PATTON DRIVE WRIGHT-PATTERSON AFB OH 45433-5302 SCD: C     PAS: (NONE) | |

| 7. NAME AND ADDRESS OF CONTRACTOR (NO., STREET, CITY, COUNTY, STATE AND ZIP CODE) | 8. DELIVERY |
|---|---|
| GUY PARKER PARKER INTERNATIONAL 14924 CONCHOS DR. POWAY CA 92064-2634 (858) 486-6469 | ☐ FOB Origin  ☒ Other (see below) |
| MAILING DATE MAR 2 2 2004 | 9. DISCOUNT FOR PROMPT PAYMENT N |
| | 10. SUBMIT INVOICES (4 COPIES UNLESS OTHERWISE SPECIFIED) TO THE ADDRESS SHOWN IN ▶    ITEM See Block 12 |

| CAGE CODE 0BUX5 | FACILITY CODE |
|---|---|

| 11. SHIP TO / MARK FOR    CODE | 12. PAYMENT WILL BE MADE BY    CODE HQ0337 |
|---|---|
| See Section F | DFAS-CO/NORTH ENTITLEMENT OPER P O BOX 182266 COLUMBUS OH 43218-2266 EFT: T |

| 13. AUTHORITY FOR OTHER THAN FULL AND OPEN COMPETITION 10 U.S.C. 2304(c)(1) | 14. ACCOUNTING AND APPROPRIATION DATA |
|---|---|

| 15A. ITEM NO See Section B | 15B. SUPPLIES/SERVICES | 15C. QUANTITY | 15D. UNIT | 15E. UNIT PRICE | 15F. AMOUNT |
|---|---|---|---|---|---|
| | | | 15G. TOTAL AMOUNT OF CONTRACT ▶ | | $3,000,000.00 |

### 16. Table of Contents

| | SEC | DESCRIPTION | PAGE(S) | | SEC | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| √ | A | SOLICITATION/CONTRACT FORM | 1 | √ | I | CONTRACT CLAUSES | 11 |
| √ | B | SUPPLIES OR SERVICES AND PRICES/COSTS | 2 | | | PART III - LIST OF DOCUMENTS, EXHIBITS & ATTACHMENTS | |
| √ | C | DESCRIPTION/SPECS./WORK STATEMENT | 4 | √ | J | LIST OF ATTACHMENTS | 14 |
| √ | D | PACKAGING AND MARKING | 5 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| √ | E | INSPECTION AND ACCEPTANCE | 6 | | K | REPRESENTATIONS, CERTIFICATIONS OTHER STATEMENTS OF OFFERORS | |
| √ | F | DELIVERIES OR PERFORMANCE | 7 | | | | |
| √ | G | CONTRACT ADMINISTRATION DATA | 8 | | L | INSTRS., CONDS., AND NOTICES TO | |
| √ | H | SPECIAL CONTRACT REQUIREMENTS | 9 | | M | EVALUATION FACTORS FOR AWARD | |

CONTRACTING OFFICER WILL COMPLETE ITEM 17 OR 18 AS APPLICABLE

| 17. ☒ Contractor's Negotiated Agreement | 18. ☐ Award (Contractor is not required to sign this document.) |
|---|---|
| (Contractor is required to sign this document and return 1 copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all services set forth or otherwise identified above and on any continuation sheets for the consideration stated herein. The rights and obligations of the parties to this contract shall be subject to and governed by the following documents: (a) this award/contract, (b) the solicitation, if any, and (c) such provisions, representations, certifications, and specifications, as are attached or incorporated by reference herein. (Attachments are listed herein.) | Your offer on solicitation number , including the additions or changes made by you which additions or changes set forth in full above, is hereby accepted as to items listed above and on any continuation sheets. This award consummates the contract which consists of the following documents: (a) the Government's solicitation and your offer, and (b) this award/contract. No further contractual document is necessary. |

| 19A. NAME AND TITLE OF SIGNER (TYPE OR PRINT) | 20A. NAME OF CONTRACTING OFFICER |
|---|---|
| GUY W. PARKER    DIR ENG | MICHAEL L. GROVE |

| 19B. Name of Contractor | 19C. Date Signed | 20B. United States of America | 20C. Date Signed |
|---|---|---|---|
| by _(signature)_ (Signature of person authorized to sign) | MARCH 11, 2004 | by _(signature)_ (Signature of Contracting Officer) | 13 May 04 |

| NSN 7540-01-152-8069 Previous Editions unusable ConWrite Version 5.5.3 | STANDARD FORM 26 (Rev 4-85) Prescribed by GSA FAR (48 CFR) 53.214(a) Created 22 Mar 2004  8:08 AM |
|---|---|

**Exhibit 2**

**Mandatory Alternative Dispute Resolution (ADR)**

**Contract FA862104D6250 Attachment 7 (FFA 9 U.S.C. §§ 1-14)**

The named individual, Betty W. Clingerman, was never provided specifically named written delegated contract officer authority from the recorded Contract Officer of Record for Contract FA8621-04-D-6250. The named individual was never provided written delegated contract officer representative authority or contract administration authority from the recorded Contract Officer of Record.

In June 2007 a Contract FA8621-04-D-6250 program management meeting between this contractor and the recorded Contract Officer of Record Michael L. Grove was moderated by the ADR Moderator for Contract FA8621-04-D-6250 in accordance with the contract's Mandatory ADR Requirement explicitly stated in unambiguous terms of the contract. Mandatory ADR is a required step before asserting a claim for final decision and a step required before asserting a claim to the United States Court of Federal Claims:

---

**ATTACHMENT 7**                                          FA8621-04-D-6250

**1.1 Conflict Resolution**

The MTTs provide valuable, cost effective training for a relatively miniscule investment of $300K in CY 2004. MOA PMTT representative members ACC/DOU and ACC/TRSS have been able to effectively maintain training capability for six years through continuing annual contracts with Parker International. The ACC/DOU PMTT member representative requests the highest priority be placed on resolving conflicts to ensure access to and continuous support of this critical training. The Government's policy is to try to resolve all contractual issues in controversy by mutual agreement at the contracting officer's level. Reasonable efforts should be made to resolve controversies through ADR prior to the submission of a claim. At the request of either party, delays impacting the program or contractor shall be resolved by ADR.

---

## Exhibit 3

## FAR 1.602 Contract Officer's Authority

Bilateral Agreement Standard Form 26 (SF26) prescribed in FAR 48 CFR 53.214(a) records the Contract Officer of Record for Public Law 95-563 amended (CDA). Bilateral Agreement DD Form 1155 records the Contract Ordering Officer of Record. Both contracting officer types are required to produce their Contract Officer Warrants (COW), Contract Officer Authority (COA), and Memorandums of Delegated Contract Officer Authority, for contractor, government, or public on request:

**FAR 1.602 Contract Officer's Authority**

**1.602-1 -- Authority.** (a) Contracting officers have authority to enter into, administer, or terminate contracts and make related determinations and findings. Contracting officers may bind the Government only to the extent of the authority delegated to them. Contracting officers shall receive from the appointing authority (see 1.603-1) clear instructions in writing regarding the limits of their authority. **Information on the limits of the contracting officers' authority shall be readily available to the public and agency personnel.** (b) No contract shall be entered into unless the contracting officer ensures that all requirements of law, executive orders, regulations, and all other applicable procedures, including clearances and approvals, have been met.

**1.602-2 -- Responsibilities.** Contracting officers are responsible for ensuring performance of all necessary actions for effective contracting, ensuring compliance with the terms of the contract, and safeguarding the interests of the United States in its contractual relationships. In order to perform these responsibilities, contracting officers should be allowed wide latitude to exercise business judgment. Contracting officers shall – (a) Ensure that the requirements of 1.602-1(b) have been met, and that sufficient funds are available for obligation; **(b) Ensure that contractors receive impartial, fair, and equitable treatment; and** (c) Request and consider the advice of specialists in audit, law, engineering, information security, transportation, ... as appropriate.

**Exhibit 4**

**Loss of Contract Officer of Record**

The recorded Contract Officer of Record Michael L. Grove provides

the following testimony to Capisano, Dee CIV DTIC B:

"From: Capisano, Dee CIV DTIC B
To: guy_parker@parker-international.com
Cc: Michael.Grove@wpafb.af.mil
Sent: Thursday, November 15, 2007 7:58 AM
Subject: Classified/Secret Access to DTIC Products & Services Under Contract No. FA862104D6250, Expir 12/31/07 - Parker; Guy

Mr. Parker,

The contract officer you listed as your Government sponsor, **Michael Grove has informed me he is not the contracting officer for the above contract and therefore cannot approve your application. He had this responsibility prior to November 2004.**

To approve your application we will need an email from the current Government Approving Official/Government Sponsor. We can only accept approval from the Contract Officer, Program Manager, Contract Officer's Representative (COR) or Contract Officer's Technical Representative (COTR) for the above contract.  He/she may send me an email and cc:reghelp@dtic.mil.  The sponsor must confirm the contract number and expiration date, identify which of the above titles they hold and state that they approve/disapprove you for Classified access at the Secret level.

Dee Capisano
DTIC Registration
dcapisan@dtic.mil
703 767-8273 (Ph)
703 767-9459 (Fax)"

**Exhibit 5**

**Contract Ordering Officer for Contract FA862104D6250**

In calendar years 2005 and 2006, the named private citizen, Betty W. Clingerman, represented herself as a Contract Ordering Officer for Contract FA8621-04-D-6250. In calendar years 2005 and 2006, the named individual asserts Contract Ordering Officer authority:



**FA862104D6250 D0004 Box 24 Contracting Ordering Officer**

Contract Ordering Officer

**Exhibit 6**

**Contract Authority Ended on February 22, 2006**

The private citizen, Betty W. Clingerman, represented herself as a Contracting Ordering Officer whose contracting authority was derived from the recorded Contract Officer of Record in accordance with Contract FA8621-04-D-6250 Section H Page 9 of 14 H103 Ordering Procedures H103 (a).

There are no current delivery orders pending. The named individual's contract authority **ended on February 22, 2006** when Delivery Order D0004 was certified by Betty W. Clingerman to the Defense Finance and Accounting System (DFAS) as delivered per contract and Delivery Order D004 Invoice Ser 0601 was paid in full:

| Contract Number: | FA862104D6250 | Delivery Order / Call Number: | 0004 |
|---|---|---|---|
| Invoice Number: | SER0601 | Voucher Number: | |
| Pay Status: | PAID | Check Number: | |
| EFT Trace Number: | E2000051 | Payment Distribution Date: | 02/22/2006 |
| EFT / Check Amount: | $549,000.00 | Invoice Amount: | $549,000.00 |
| Freight: | | Tax Withheld: | |
| Discount Taken: | | Interest Paid: | |
| Gross Invoice: | | Invoice Date: | 01/29/2006 |
| Merchandise Acceptance Date: | | Paying DSSN: | |
| Location: | | Cage Code: | 2AA75 |
| Shipment Number: | SER0601 | Reason Code: | F |
| Date of Last Action: | 02/22/2006 | Due Date: | 03/01/2006 |
| Invoice Received Date: | 01/30/2006 | Remarks: | |
| Locator Code: | | | |

**DEFENSE FINANCE AND ACCOUNTING SERVICE - COLUMBUS CENTER Reason Code F: Manually Paid or Coded "F": The invoice has been paid through the manual payment process by check or EFT**

2-7

**Exhibit 7**

**Limits of the authority of a Contract Ordering Officer**

Contract FA8621-04-D-6250 Section H provides that **ANY** Aeronautical Systems Command ASC/YW Contract Officer may be assigned as a **Contract Ordering Officer**. Contracting Ordering Officer's authority is derived from Contract Section H103 **and** from a Certified of Warrant (COW) and/or Certificate of Appointment (COA):

> PART I - THE SCHEDULE
> SECTION H - SPECIAL CONTRACT REQUIREMENTS
> SECTION H FA8621-04-D-6250 PAGE 9 OF 14.
> H103 ORDERING PROCEDURES (DEC 2003)
>
> (a) Performance can be authorized under this contract only by the issuance of individual orders signed by an ASC/YW Procuring Contracting Officer (PCO). Order modifications thereto may be issued by ASC/YW PCOs or Administrative Contracting Officers (ACOs). (c) If the Contractor exceeds this fixed price, it is at his own risk.

The limits of the authority of a **Contract Ordering Officer** are:

> Ordering Officers may negotiate revisions/modifications **to orders**, but only within the scope of this contract. **Ordering Officers have no authority to modify any provision of a basic contract agreement.** Any deviation from the terms of the basic contract must be submitted to the Procuring Contracting Officer (PCO) for contractual action. Ordering Officers may enter into mutual no cost cancellations of orders under this contract and may reduce the scope of orders/tasks, but Terminations for Convenience or Terminations for Default shall be issued only by the PCO.

The recoded Procuring Contracting Officer (PCO) is Michael L. Grove whose name appears typed and signed on the Contract Cover SF26. This bilateral contract agreement cannot be "assigned", retroactively changed, or unilaterally changed.

## Exhibit 8

## Self-Declaration of Betty W. Clingerman

Ms. Betty W. Clingerman asserts herself as "... assigned the Contracting Officer" in a signed declaration to the United States Court of Federal Claims Non-Monetary Disputes 06-701 and 06-715 dismissed for lack of subject matter jurisdiction. The following is not compliant with FAR 1.6 and is not an acceptable response:



In accordance with 41 U.S.C. §§ 321-322 the above declaration is false and misleading with an acts of omissions. A possible correct truthful declaration is "... assigned **a** Contracting **Ordering** Officer". This contractor alleges that the above declaration of Ms. Betty W. Clingerman is fraud in contract law, not represented as a tort. The Contract Officer of Record cannot be "assigned". Contract Ordering Officers are "assigned", but their "assignment" lasts for the limited period the name individual has an active Delivery Order Incentive. At the time the above declaration of Betty W. Clingerman was made to the United States Court of Federal Claims, February 2007, Ms. Betty W. Clingerman had no active Delivery Orders on Contract FA862104D6250. No contractor claims for government actions for "Ms. Betty W. Clingerman's Delivery Order D0004" are pending at this time or were pending at that time in the United States Court of Federal Claims. Ms. Betty W. Clingerman is/was: **1)** Not "the Contract Officer of Record"; **2)** Not "assigned the Contracting Officer (CO)"; **3)** At declaration not "assigned a Contract Ordering Officer". Ms. Betty W. Clingerman's assignment as a Contract Ordering Officer for Contract FA862104D6250 ended on February 22, 2006 when the D0004 was certified by her as delivered and DFAS paid in full.

2-9

**Exhibit 9**

**Certificate of Warrant, Appointments, and Termination**

Federal Acquisition Regulations Subpart 1.6 provides:

**1.603-3 Appointment. (For appointments after 3rd Qt 2006)**

(a) **Contracting officers shall be appointed in writing on an SF 1402, Certificate of Appointment,** which shall state any limitations on the scope of authority to be exercised, other than limitations contained in applicable law or regulation. **Appointing officials shall maintain files containing copies of all appointments that have not been terminated.**

(b) Agency heads are encouraged to delegate micro-purchase authority to individuals who are employees of an executive agency or members of the Armed Forces of the United States who will be using the supplies or services being purchased. Individuals delegated this authority are not required to be appointed on an SF 1402, but shall be appointed in writing in accordance with agency procedures.

**1.603-4 Termination.**

**Termination of a contracting officer appointment will be by letter,** unless the Certificate of Appointment contains other provisions for automatic termination. Terminations may be for reasons such as reassignment, termination of employment, or unsatisfactory performance. No termination shall operate retroactively

Prior to 3rd Qt 2006 a Certificate of Warrant was required.

## Exhibit 10

## Certificate of Interest and Corporate Disclosure Statement

Contract FA862104D6250 is a $3,000,000 Firm Fixed Price contract with Delivery Order Incentives in accordance with FAR 16.202-1 formed between an unincorporated citizen of the State of California, not a corporation or artificial entity, and a government agency of the United States representing the interest of the citizens of the United States of America in the form of a Public Trust. The Firm Fixed Price contract has a stated duration through December 34, 2008 with performance required by both parties for the entire duration of the contract independent of delivery order incentives. This United States Air Force prime contractor is unable to provide this petitioner's power of attorney to a corporation, artificial entity, or attorney at law. This contractor is required by the nature of the contract to appear as a self litigant with an express contract with a government agency. The bid and mutually signed agreement for this Firm Fixed Price contract anticipated dispute resolution through a mandatory Alternative Disputes Resolution Contract Clause provisioned in the contract provided by FAR 33.2 inclusive of Subparts 33.210-33.214. The contract bid and mutually signed agreement did not anticipate an election by the government to ignore and deny the mandatory Alternative Dispute Resolution Contract Clause forcing this contractor excessive contract administration fees currently, as of this brief, estimated to be in excess of $1,000,000. Guy W. Parker certifies the following: 1. The full name of every party or amicus represented by me is: Guy W. Parker, dba unincorporated small business Parker International and Alan C. Gaudette, Contract FA862104D6250 ADR Moderator. 2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is: None 3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: None 4. There are no corporations. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are: None.

Guy W. Parker   /s _Guy W. Parker_                 February 1, 2008
14924 Conchos Dr.  Poway, California, 92064, 858-486-6469

**Exhibit 11**

**Demand Letter for Production of Required Documents**

 Parker International
14924 Conchos Dr.
Poway, CA 92064
858-486-6469

To:                                                    February   , 2008

**Clingerman, Betty W.**
677 AESG/TQ
2300 D Street, Bldg 32
Wright-Paterson AFB OH 45433-7249
Organization: 677 AESG/TQ
Phone: (937) 255-2679
Email: Betty.Clingerman@wpafb.af.mil
**June Taylor**
677 AESG/TQ
2300 D Street, Bldg 32
Wright-Paterson AFB OH 45433-7249
Organization: 677 AESG/TQ
Phone: (937) 255-2679
Email: June.Taylor@wpafb.af.mil

A demand request is made to provide the following documents **on or before February 22, 2008** to verify if Betty W. Clingerman is the recorded Contract Officer of Record Standard Form 26 for the purposes of Public Law 95-563 (amended) (Contract Disputes Act of 1978):

| | |
|---|---|
| 1 | Betty W. Clingerman's Contract Officer Warrant prior to 2006 |
| 2 | Betty W. Clingerman's Contract Officer Authority after 2006 |
| 3 | The termination of contract authority of Michael L. Grove |
| 4 | Michael L. Grove's Contract Officer Warrant prior to 2006 |
| 5 | Michael L. Grove's Contract Officer Authority after 2006 |
| **6** | **A Standard Form 26 signed by this contractor and Clingerman** |

Should you be unable to provide the documents **on or before February 22, 2008** the court shall consider the documents do not exist.

Guy W. Parker    /s _Guy W. Parker_
14924 Conchos Dr.
Poway, California, 92064, 858-486-6469

2-12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

## GUY W. PARKER v. BETTY W. CLINGERMAN

## Certificate of Service

I certify that I mailed on February   , 2008:

## Pure Bill for Equitable Discovery of
## Contract Officer of Record
## For Contract FA8621-04-D-6250

## To

| | |
|---|---|
| **Defendant** | **Clingerman, Betty W.** |
| | 677 AESG/TQ |
| | 2300 D Street, Bldg 32 |
| | Wright-Paterson AFB OH 45433-7249 |
| | Organization: 677 AESG/TQ |
| | Phone: (937) 255-2679 |
| | Email: Betty.Clingerman@wpafb.af.mil |
| **Agency Representative** | **June Taylor** |
| | 677 AESG/TQ |
| And to the Government | 2300 D Street, Bldg 32 |
| Agency for which she | Wright-Paterson AFB OH 45433-7249 |
| appears Employed | Organization: 677 AESG/TQ |
| | Phone: (937) 255-2679 |
| | Email: June.Taylor@wpafb.af.mil |

February  , 2008     /s  _Guy W. Parker_ _____
Date                      Signature of self litigant

Guy W. Parker
14924 Conchos Dr.
Poway, California 92064. 858-486-6469

3-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

### GUY W. PARKER v. BETTY W. CLINGERMAN

### Certificate of Service

I certify that I mailed on February   , 2008:

**Pure Bill for Equitable Discovery of
Contract Officer of Record
For Contract FA8621-04-D-6250**

**To**

| | |
|---|---|
| **Defendant** | **Clingerman, Betty W.**<br>677 AESG/TQ<br>2300 D Street, Bldg 32<br>Wright-Paterson AFB OH 45433-7249<br>Organization: 677 AESG/TQ<br>Phone: (937) 255-2679<br>Email: Betty.Clingerman@wpafb.af.mil |
| **Agency Representative**<br><br>And to the Government<br>Agency for which she<br>appears Employed | **June Taylor**<br>677 AESG/TQ<br>2300 D Street, Bldg 32<br>Wright-Paterson AFB OH 45433-7249<br>Organization: 677 AESG/TQ<br>Phone: (937) 255-2679<br>Email: June.Taylor@wpafb.af.mil |

February 4, 2008    /s_____Guy W. Parker_____
Date                Signature of self litigant

Guy W. Parker
14924 Conchos Dr.
Poway, California 92064. 858-486-6469

3-1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Guy W. Parker | Betty W. Clingerman      08 FEB -4  PM 3: 58 |

**(b)** County of Residence of First Listed Plaintiff    San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Montgomery, Ohio
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

CLERK U.S. DISTRICT COURT

BY:                      DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Contract FA862104D62540 United States Air Force Prime Contract:
Self Litigant as required by contract.

Attorneys (If Known)
Unknown

'08 CV 0212 L WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Pub. L. No. 94-574 90 Stat. 2721 as amended, 5 U.S.C. §§ 701 et all and 68 Stat. 81 41 U.S.C. §§ 321-322
Brief description of cause:
Petition (Bill) for Equitable Discovery of Contract Officer of Record For Contract FA8621-04-D-6250

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23          0.00

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):            JUDGE                                DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/04/2008 | Guy W. Parker |

**FOR OFFICE USE ONLY**

RECEIPT # 147200   AMOUNT $350   2/4/08 BY   APPLYING IFP            JUDGE            MAG. JUDGE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147200    — BH
* * C O P Y * *
February 04, 2008**
**15:58:33**

**Civ Fil Non—Pris**
USAO #.: 08CV0212 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:              $350.00 CC

**Total—>   $350.00**

FROM: PARKER V. CLINGERMAN
      CIVIL FILING
      VISA AUTH# 557993