UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY W. PARKER,<br><br>           Plaintiff,<br><br>v.<br><br>BETTY W. CLINGERMAN,<br><br>           Defendant. | Civil No. 08cv212 L(WMc)<br><br>**ORDER STRIKING RETURN OF SUMMONS [doc. #3]** |

Plaintiff Guy W. Parker, appearing *pro se*, filed a return of service on February 8, 2008 [doc. #3].  In reviewing the return of service, the Court notes several deficiencies that make service of process upon defendant ineffective.

On the second page of the return of service, plaintiff has checkmarked the method of services as "Other (specify): Employee as a private citizen Certified Mail: Government Agency: Place of Employment: FRCP Rule 5: 'Other Papers'"   Federal Rule of Civil Procedure 5 is directed to service of filings made *after* service of the summons and Complaint and not to service of the summons and Complaint.  Rule 5 provides in relevant part:

    (a) Service: When Required.

        (1) In General.  Unless these rules provide otherwise, each of the following papers must be served on every party:
        . . .

            (B) a pleading filed *after the original complaint,* . . . .

Federal Rule of Civil Procedure 4 is directed to service of the summons and Complaint and therefore, is the applicable rule in the present situation. Rule 4(e) concerns service of process on an individual within a judicial district of the United States:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Plaintiff's attempted service of the summons and Complaint by United States Postal Service Express Mail upon defendant does not comply with Federal Rule of Civil Procedure 4(e)(2) and is ineffective. The Federal Rules of Civil Procedure do not provide for service of process by mail. Additionally, plaintiff mailed the summons and Complaint to defendant's place of employment rather than her "dwelling or usual place of abode."

But Rule 4(e)(1) also permits service of the summons and Complaint by following state law. California's service of process rules are found in its Code of Civil Procedure § 415.10 *et seq.*. Section § 415.30 provides for service by mail:

> (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, *together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.*

CAL. CODE CIV. P. § 415.30(a)(emphasis added).

Plaintiff does not indicate that he included two copies of the notice and acknowledgment required under this rule in his mailing of the summons and Complaint to defendant. Plaintiff's mere mailing of the summons and Complaint to defendant's place of employment is insufficient

under California law.  As § 415.30(c) makes clear: "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."   Plaintiff has not filed such an acknowledgment obtained from and executed by defendant.   Thus, plaintiff's attempt to effectuate service under California law is ineffective.

Further, plaintiff has attempted to serve defendant with the summons and Complaint by himself.  Federal Rule of Civil Procedure 4(c)(2) provides that service may be made by "[a]ny person who is at least 18 years old and *not a party* . . .." FED. R. CIV. P. 4(c)(2) (emphasis added).  Because Guy W. Parker is a party, *i.e.,* the plaintiff in this action, he may not serve the defendant.

Because plaintiff has not properly effectuated service of process on defendant under either federal or state law, plaintiff's return of service [doc. #3] is **STRICKEN** from the record and will not be the basis for any deadline for defendant to act unless and until proper service of process has been effectuated.

**IT IS SO ORDERED.**

DATED: February 12, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL