KAREN P. HEWITT
United States Attorney
STEVE B. CHU
Assistant U.S. Attorney
California Bar No. 221177
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-5682

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY W. PARKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BETTY W. CLINGERMAN,<br><br>　　　　　Defendant. | Civil Case No. 08cv00212 L (WMC)<br><br>NOTICE OF FAILURE TO SERVE DEFENDANT |

## I. INTRODUCTION

This action is a contract dispute in which Plaintiff Guy Parker seeks certain documents to which he claims he is entitled pursuant to a previous contractual relationship with the United States Air Force (hereafter "USAF"). In his lawsuit, Plaintiff has improperly named Bettie Clingerman, a federal employee, as a defendant in her individual capacity. However, this is inaccurate. Plaintiff's own Complaint identifies Ms. Clingerman in her official capacity as a possible USAF Contract Officer of Record, and makes reference to Ms. Clingerman being employed by the United States Government. (Plaintiff's Complaint at 1-6 and 1-9) Moreover, Plaintiff seeks only information related to his dealings with the USAF or USAF employees acting in their official capacities. In fact, Plaintiff's Complaint is premised upon a contractual relationship that he had with the USAF. Accordingly, Plaintiff's Complaint should properly be directed only at federal employees in their official, not individual, capacity.

## II. LEGAL ANALYSIS

A. PLAINTIFF HAS FAILED TO SERVE THE PROPER ENTITIES

The applicable rules require the filing of a pleading to be followed by service of that same pleading. Fed. R. Civ. Proc 4(m). Rule 4(m) provides that a plaintiff is required to serve a complaint within 120 days from the date of filing. Fed. R. Civ. Proc 4(m). The purpose of this rule is to assure that defendant will be promptly notified of the claim, and prevent prejudice. <u>Electrical Specialty Co. v. Road & Ranch Supply, Inc.</u>, 967 F.2d 309, 311-314 (9th Cir. 1992). Failing to serve a complaint can result in the dismissal of the complaint. Fed. R. Civ. Proc 4(m). Further, Rule 4(i) of the Federal Rules of Civil Procedure sets out specific requirements that a plaintiff must fulfill when serving federal employees with a lawsuit. The rule requires that a plaintiff serve both the U.S. Attorney, and send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P 4(i). Due process requires that the plaintiff perfect service, thereby providing notice of the proceedings. <u>Mennonite Board of Missions v. Adams</u>, 462 U.S. 791, 795-798 (1983).

Here, Plaintiff has failed to serve the U.S. Attorney. (Declaration of Mary Wiggins at ¶ 4.) Plaintiff has therefore failed to perfect service and cannot proceed in litigation against Ms. Clingerman, or any federal defendants.

## III. CONCLUSION

Plaintiff has failed to properly serve Defendant, and accordingly no responsive pleading is required. Further, the Court should not begin running the clock for Defendant to respond to Plaintiff's lawsuit unless or until Plaintiff properly serves all appropriate entities.

DATED: March 5, 2008

KAREN P. HEWITT
United States Attorney

/s Steve B. Chu

STEVE B. CHU
Assistant U.S. Attorney

Attorneys for Bettie Clingerman as sued in her official capacity as a federal employee