Guy W. Parker
14924 Conchos Dr.
Poway, CA 92064
858-486-6469

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guy W. Parker, | Case No.: 3:08-cv-00212-L-WMC |
| Plaintiff, | Pure Bill of Equitable Discovery Affidavit 1 in Support of Default |
| vs. | |
| Betty W. Clingerman, | |
| Defendant | |

1. Betty W. Clingerman and her agency attorney's have asserted the existence of a Badge and a Warrant but have not allowed this contractor due process to inspect the Badge and review the Warrant to establish appropriateness and authenticity as required by Public Law 95-563 (amended) and Federal Acquisition Regulations 1.602-1.

2. In accordance with Public Law 95-563 and FAR 1.602-1 the contractor is required to 1) Ask the person for identification; 2) Ask for a copy or ask to see their warrant. These procedures apply to all government procurement agencies local, state and federal. A Pure Bill of Equitable Discovery suit in a court of law to see their identification and their warrant is rarely required.

3. Betty W. Clingerman has not evidenced SF26 Individual Capacity or Official Capacity in Contract FA862104D6250. At this time, Contract FA862104D6250 has no SF26 government Contracting Officer of Record as require by Public Law 95-563 (amended) and FAR.

4. Michael L. Grove, the recorded SF26 Contracting Officer of Record for Contract FA862104D6250 has stated in stenographic recording June 2007 in an ADR Moderated Program Management Meeting with Alan C. Gaudette as ADR Moderator that he, Michael L. Grove, has never provided Betty W. Clingerman written delegate contracting authority for Contract FA862104D6250.

5. The critical document required to establish if Betty W. Clingerman has Individual Capacity or Official Capacity as the Public Law 95-563 (amended) Contracting Officer in Contract FA862104D6250 is a Standard Form 26 (SF26) Prescribed by GSA - FAR (48 CFR) 53.214(a) mutually signed between Guy W. Parker and Betty W. Clingerman.

6. A mutually signed SF26 document between Guy W. Parker and Betty W. Clingerman does not exist. Betty W. Clingerman does not have Individual Capacity or Official Capacity in Contract FA862104D6250 without a mutually signed SF26 or written delegated authority from the government contracting officer whose name appears typed and signed on the SF26. The following <u>Affidavit in Support of Default</u> of Alan C. Gaudette dated and notarized on 03/10/2008 is provided in the following three pages after this signature block in the format of an Affidavit.

Dated this March 11, 2008
/s <u>Guy W. Parker</u>
14924 Conchos Dr.
Poway, CA 92064
858-486-6469

08CV0212

[Points of Authority - Affidavit 1 in Support of Default] - 2 of 2

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**
**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**I hereby enter the following Affidavit for Case 08-CV-0212 and Case 2007-5163:**

I am Alan C. Gaudette, 16241 W. Hearthstone Dr., Surprise, Arizona 85374, 623-214-6504, alan@gaudette-net.com. I represent myself as the Contract FA862104D6250, Attachment 7, Alternative Dispute Resolution Moderator and as an expert witness to **a)** US Court of Federal Claims Complaints 06-701C and 06-715C; **b)** US Court of Appeals for the Federal Circuit Appeal 2007-5163; **c)** Government Accounting Office (GAO) Predator Training Systems Bid Protest, **d)** Any other complaint related to government contract FA862104D6250; and **e)** Preceding Contracts for same goods or services. I am acting in the capacity of ADR Moderator for Contract FA862104D6250 and preceding contracts for same goods and services at the same locations since 2003 and as such I speak independently and do not speak for Guy W. Parker doing business as Parker International. I was the contracting officer representing the government for the original 1997/1998 contracts. (Notice of Appearance entered in US Court of Federal Claims 06-701C/06-715C and US District Court Southern District of California 3:08-CV-0212)

1) Complaint USDC-SDCA 3:08-CV-0212 Pure Bill of Equitable Discovery is a request for documents required to be made readily available (due process) on demand to the public and government agencies by Public Law 95-563 and Federal Acquisition Regulation 1.602-1.

2) The documents will determine if Betty W. Clingerman has Individual Capacity or Official Capacity as the Public Law 95-563 (amended) Contracting Officer in Contract FA862104D6250, or, in the alternative, if Betty W. Clingerman was/is operating outside of written delegated contract authority in Personal Capacity in Contract FA862104D6250.

3) A suit in a court of law is not required for the production of the requested documents. Multiple requests to the agency for the requested documents between 2006 and 2008 were not productive. This contractor is required by Public Law 95-563 and FAR to establish the authenticity of those who purport to give this contractor direction or this contractor is at risk.

4) The critical required document to establish if Betty W. Clingerman has Individual Capacity or Official Capacity as the Public Law 95-563 (amended) Contracting Officer in Contract FA862104D6250 is a Standard Form 26 (SF26) Prescribed by GSA - FAR (48 CFR) 53.214(a) mutually signed between Guy W. Parker and Betty W. Clingerman. A mutually signed SF26 document between Guy W. Parker and Betty W. Clingerman does not exist. Betty W. Clingerman does not have Individual Capacity or Official Capacity in Contract FA862104D6250 without a mutually signed SF26 or written delegated authority from the government contracting officer whose name appears typed and signed on the SF26.

5) Embedded in Complaint 08-CV-0212 is Exhibit 11 Demand Letter for the production of the documents by February 22, 2008. Proof of Service of the 3:08-CV-0212 Exhibit 11 Demand Letter was accomplished in two parts 1) Delivery to Betty W. Clingerman and her supervisor June M. Taylor at their agency place of employment USPS Express Mail Receipts EB986110345US and EB986110331US; 2) Personal Service to Betty W. Clingerman at place of residence (abode) by Certified Legal Services Ohio on February 14, 2008 (3:08-CV-0212 Docket Entry 9). Betty W. Clingerman and June M. Taylor failed to answer the request.

6) Betty W. Clingerman has provided no response as required on Feb 22, 2008 (2008) to USDC-SDCA 3:08-CV-0212 Complaint Exhibit 11 FAR 1.602 Requests as required to be made available on demand to the public and government agencies. Betty W. Clingerman has no mutually signed Individual Capacity or Official Capacity in Contract FA862104D6250. Betty W. Clingerman is not the Public Law 95-563 SF26 Contracting Officer of Record. June M. Taylor, supervisor of Betty W. Clingerman, has provided no response as required on Feb 22, 2008 (2008) to USDC-SDCA 3:08-CV-0212 Complaint Exhibit 11 FAR 1.602 Requests as required to be made readily available on demand to the public and government agencies.

7) The failure of the Betty W. Clingerman and June M. Taylor to produce the documents that are required by Pub. L 95-563 and FAR 1.602-1 to be made readily available on demand to the public and government agencies is indicative that Betty W. Clingerman and June M. Taylor do not have the documents and is conclusive that Betty W. Clingerman is not operating in Individual Capacity or Official Capacity in Contract FA862104D6250. This failure of Betty W. Clingerman and June M. Taylor to produce the documents, as evidence, precludes the United States entry on their behalf as party to Case No.: 08-CV-0212 Pure Bill of Equitable Discovery. The US Attorney and other representatives of the Department of Justice will have to produce the requested documents, required to be readily available for public and government agency inspection, to establish Individual or Official capacity.

8) Michael L. Grove is the Public Law 95-563 SF26 Contracting Officer of Record whose name is typed and signed on Contract FA862104D6250. Michael L. Grove has stated in a stenographic recorded June 2007 Program Management meeting that his SF1402 Certificate of Appointment is terminated. Michael L. Grove provided testimony to Capisano, Dee CIV DTIC B, confirmed on November 15, 2007 in e-mail, that Michael L. Grove's SF1402 was terminated in November of 2004. No Official Agency Memorandum of his November 2004 termination was provided to the prime contractor Guy W. Parker as required by Pub. L. 95-563 and FAR 1.602. No new SF26 Contracting Officer of Record has been mutually signed by Guy W. Parker and the Agency. Contract FA862104D6250 appears to have no Pub. L. 95-563 (amended) SF26 Contract Officer of Record as required by Public Law 95-563 (amended), FAR 1.602, FAR 52.233-01 Disputes (Jul 2002), and Contract FA862104D6250.

9) All actions performed by Betty W. Clingerman and/or agency attorney(s) after Feb 22, 2006 (2006) on this contract were/are performed in apparent Personal Capacity with no authority from the Public Law 95-563 (amended) SF26 Contracting Officer of Record in Contract FA862104D6250. All statements made by Betty W, Clingerman and agency attorney(s), to the US Department of Justice, and to the courts were/are made without apparent cognizance, review, and confirmation of the SF26 Contracting Officer of Record and were/are made without SF26 Contracting Officer of Record written delegated authority. Their actions are outside of the due process guaranteed to this contractor by Pub. L. 95-563 and FAR 1.602.

10) The US Attorney General, US Department of Justice, and Agency have apparently not secured the documents identified in USDC-SDCA 3:08-CV-0212 Complaint Exhibit 11 FAR 1.602 Requests. The public documents are a mandatory requirement to justify the USDOJ Entry of Appearance in the US Court of Federal Claims 06-701C/06-715C, US Court of Appeals Federal Circuit 2007-5163, and United States District Court Southern District California 3:08-CV-0212. The documents are mandatory to establish court jurisdictions.

11) Betty W. Clingerman, June M. Taylor, Agency Attorney William Kruger, and Agency Attorney Major Kevin Wilkinson did not avail themselves the opportunity for success by utilizing the Alternative Dispute Resolution Clause of Contract FA862104D6250, Attachment 7, to keep litigation out of the courts to resolve this agency created problem "Lost SF26 Contract Officer of Record". In federal procurements, contracting authority must be explicit.

12) The forenamed individuals elected to engage in eighteen months of protracted litigation. Thereby they elected to substantially increase this contractor's contract administration costs that were not anticipated in the bid, negotiation, and mutual signature on March 22, 2004.

13) Pub. L. 95-563 (amended) appears severed from this contract. A new SF26 Contract Officer of Record is required, by mutual signature, to enable Claims or Certified Claims to be properly processed in the Boards, Court of Federal Claims, District Courts, and Appellate Courts. Contract authority is explicitly written delegated authority in federal procurements.

14) Contract FA862104D6250 is a Firm Fixed Price (FFP) Contract Type with FAR 16.503 Requirements Contract Delivery Order Incentives for duration of five years through December 31, 2008 of value $3,000,000. Contract FA862104D6250 is not a FAR 16.504 Indefinite-quantity contracts (IDIQ) contract. No FAR 16.504 mandatory minimum order is stated in the contract (SF Section B Clause B039). SF Contract Section G Clause G018, minimum dollar amount, is explicitly omitted from the contract. SF Contract Section G Clause G022 is explicitly inserted in the contract. FAR 16.503(c) retracting full contract face value was explicitly omitted. *Varilease Technology Group, Inc. v. US* 289 F.3d 795 (Fed.Cir.2002). An ID/IQ contract differs from a Requirements Contract in that the former does not oblige the buyer to purchase more from the seller than a stated minimum quantity, whereas the latter obliges the buyer to buy from the seller all of its requirements of the relevant goods or services. *Travel Centre v. Barram*, 236 F.3d 1316, 1318-19 (Fed.Cir.2001).

15) Betty W. Clingerman has not evidenced SF26 Individual Capacity or Official Capacity in Contract FA862104D6250. At this time, Contract FA862104D6250 has no SF26 government Contracting Officer of Record as require by Public Law 95-563 (amended) and FAR. In essence, Betty W. Clingerman and her agency attorney's have asserted the existence of a Badge and a Warrant but have not allowed this contractor due process to inspect the Badge and review the Warrant to establish appropriateness and authenticity as required by Public Law 95-563 (amended) and Federal Acquisition Regulations 1.602-1. In accordance with Public Law 95-563 and FAR 1.602-1 the contractor is required to 1) Ask the officer for identification; 2) Ask for a copy or ask to see their warrant. These procedures apply to all government procurement agencies local, state and federal. A Pure Bill of Equitable Discovery suit in a court of law to see their identification and their warrant is rarely required.

WHEREFORE, I certify under penalty of perjury that the foregoing is true and correct.

Alan C. Gaudette   3/10/08
Executed on (Date)

Sworn and subscribed to before
Executed on (Date) 3/10/2008

OFFICIAL SEAL
BETTYE A WILLIAMS
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires December 2, 2011

[Affidavit of Alan C. Gaudette USDC-SDCA 08CV0212, USCAFC 2007-5163] - 3 of 3