UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY W. PARKER,<br><br>           Plaintiff,<br><br>v.<br><br>BETTY W. CLINGERMAN,<br><br>           Defendant. | Civil No. 08cv212 L(WMc)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED BASED ON LACK OF JURISDICTION** |

      Plaintiff Guy W. Parker, appearing *pro se*, filed what he designates as a "Pure Bill for Equitable Discovery of Contract Officer of Record."[1]  The Court accepted this document as a Complaint.  Plaintiff states that the action "is based on an express contract between this petitioner and a government agency" and relies on the Federal Contract Disputes Act of 1978 ("CDA"). (Complaint at 4).   Having reviewed the Complaint, the Court does not believe that it has jurisdiction over this matter.

      The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986).  It possesses only that power authorized by the Constitution or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do

---

[1] Since the merger of equity and law in the Federal Rules of Civil Procedure of 1938, an action filed in federal court is commenced with a complaint or a writ and not a "bill."

so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999). The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The CDA governs disputes that arise from or relate to contracts to which the United States is a party under certain statutorily defined circumstances. *See* 41 U.S.C. § 602. The CDA mandates a particular procedure that must be followed by a contractor seeking to assert a claim against the United States arising from or related to a contract between them, and this procedure does not include filing suit in a United States district court.[2] *See, e.g., U.S. v. J & E Salvage Co.*, 55 F.3d 985, 987 (4th Cir. 1995) (district courts do not have jurisdiction over government contract claims that are subject to the CDA). In other words, the CDA gives a claimant a choice: he/she may go to the U.S. Claims Court or to an agency board of contract appeals.

Plaintiff appears to be attempting to circumvent the CDA by naming a private individual as a defendant but plaintiff cannot do so. The gravamen of plaintiff's complaint is a contract between a government agency and plaintiff to which the named defendant is not a party. Thus, Betty Clingerman is a proper defendant, if at all, only by her status as a government employee.

Even if defendant is named as a government employee, the Court does not appear to have jurisdiction over this dispute concerning a contract with the United States

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of ... [a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, **except that the district courts shall not have jurisdiction of any civil**

---

[2] The procedure is as follows: (1) the contractor submits a claim in writing to the contracting officer; (2) the contracting officer issues a written decision; (3) this decision is final unless the contractor timely appeals the decision to an agency board of contract appeals or to the United States Court of Federal Claims; (3) if appealed to the agency board of contract appeals, that board's decision is final unless the contractor timely appeals to the United States Court of Appeals for the Federal Circuit, which may issue an opinion and judgment and may remand the case to the agency board for further action. See 41 U.S.C. § 605-09.

**action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a) (1) of the Contract Disputes Act of 1978.**

28 U.S.C. § 1346 (emphasis added).

Because it does not appear that this court has jurisdiction over plaintiff's claim, **IT IS ORDERED** that plaintiff shall show cause why this action should not be dismissed for lack of jurisdiction. Plaintiff shall submit to the Clerk of the Court a statement in response to this Order to Show Cause not later than March 24, 2008.[3] **Failure to file a timely response to this Order shall result in dismissal of this action.**

**IT IS SO ORDERED.**

DATED: March 13, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[3] Although the Court granted plaintiff leave to file documents electronically, this privilege has been rescinded due to plaintiff's failure to comply with the CM/ECF Administrative Policies and Procedures Manual, the Federal Rules of Civil Procedure and the Civil Local Rules.