

Guy W. Parker
14924 Conchos Dr.
Poway, CA 92064
858-486-6469

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Guy W. Parker,

    Plaintiff,

vs.

Betty W. Clingerman,

    Defendant

) Case No.: 3:08-cv-00212-L-WMC
)
) Pure Bill of Equitable Discovery
) 48 C.F.R. 1.602-1 Request for Documents
) Response to Apparent Show Cause Order D18
)
)
) Document 2 of 5
) Response to Apparent Show Cause Order D18

1. Case No.: 3:08-cv-00212-L-WMC is a limited 48 C.F.R. 1.602-1 Request for Documents to the defendant in personal capacity in Summons and possible individual or possible official capacity in Complaint Letter Exhibit 11. 48 C.F.R. §1.602, §1.603, §4.101 (FAR §1.602, §1.603, §4.101) provides the requested documents are required by federal law and regulation to be readily available to the public and agency on request. The contents of the documents determine if the defendant has individual or official capacity and has scope of employment and scope of authority in a specific contract in government public contract law. Upon judicial review, representatives of the United States are required to request, receive, and review these documents before substituting the United States as the defendant in tort law (28 U.S.C. 1346(b) and 28 U.S.C. §2679). This instant case is based on contract law, federal law, and acquisition regulations. This instant case is not based on tort law. No tort is asserted.

2. In this instance case, the court is a witness to this 48 C.F.R. 1.602-1 Request for Documents in all three possible capacities. The court is witness that the documents are either provided in accordance with federal law and acquisition regulations or the court is a witness to a violation of federal law and acquisition regulations. This case is completed. The documents were not provided by February 22, 2008. The failure of the defendant in personal capacity and the defendant's supervision to provide the 48 C.F.R. 1.602-1 information and supporting documents required by federal law and acquisition regulations are violations of federal law and acquisition regulations.

3. The United States cannot accept responsibility for violations of federal law and acquisition regulations. The United States is not the defendant in this case and cannot be substituted as the defendant in this case. Unauthorized actions are made in personal capacity not on behalf of and not binding on the United States. The United States can elect to ratify unauthorized actions under 48 C.F.R. Part 50. An officer or employee does not capacity to create unauthorized actions. An officer or an employee cannot create unauthorized actions in the performance of duties on behalf of the United States. FRCP Rules 4(i)(1), 4(i)(2)(A) and 4(i)(2)(B) are not applicable in this instant case.

4. The defendant failed to answer the Compliant with Summons in personal capacity. The defendant and her supervision failed to answer Compliant Letter Exhibit 11 in accordance with 48 C.F.R. §1.602, §1.603, §4.101 by February 22, 2008. Failure to answer the 48 C.F.R 1.602-1 request is a violation of federal law and acquisition regulations. 48 C.F.R. 1.602-1 is a unique law in government public contracts that protects the government from unauthorized actions and protects the contractor from risk.

5. Declaration of individual or official capacity is not a requirement to assert a 48 C.F.R. 1.602-1 request. The answer to the request definitively determines personal, individual, or official capacity. Failure to provide the answer, in any capacity, is prima facie evidence the information and supporting documents for a specific contract do not exist. Failure to provide the answer, in all capacities, is prima facie evidence that specific contract actions the defendant has executed in the past were unauthorized actions not on behalf of the United States, is not binding on the United States, and was done in personal capacity. Scope of employment or scope of authority in government public contract law is specific. No general, apparent, or assigned scope of employment or scope of authority exists in government public contract law that enables unauthorized actions on behalf of or binding on the United States.

6. Federal employees that create unauthorized actions are personally liable, and may receive disciplinary action. Violations of federal laws and acquisition regulations and Government-wide Standards of Conduct for Federal Employees are not performed on behalf of the United States in all possible capacities. This Fed. R. Civ. P Rule 4(e) Summons is limited to 48 C.F.R. 1.602-1 Request for Documents. The outcome is the documents or a violation of federal law and regulations.

7. The capacity of this federal employee remains unknown until the 48 C.F.R 1.602-1 request is answered. Due process is afforded this federal employee in federal law and regulations by answering the Complaint with Summons and Complaint Letter Exhibit 11 by providing the 48 C.F.R 1.602-1 information and supporting documents. Scope of Employment and Scope of Authority is explicit in government public contract federal procurement. Federal employees are held to higher standards including but not limited to 48 C.F.R. §1.602-3 and §4.101.

8. This requestor is not required to conclude a federal employee acting in the capacity of a Contracting Ordering Officer is operating on behalf of the United States. This requestor is not required to conclude a federal employee acting in the capacity of a Public Law 95-563 SF26 Contracting is operating on behalf of the United States. Proof of contract authority is required in accordance with Public law 95-563 and 48 C.F.R 1.602-1 to protect the government from unauthorized actions and the contractor from risk.

9. 48 C.F.R. §1.602, §1.603, §4.101 (FAR §1.602, §1.603, §4.101) requestors for the required information and supporting documents are not required to provide relationships, justifications, motives, intent, or contractual relationships to secure the requested information and supporting documents. All federal employees attempting to perform federal procurement contract activities are required to provide the information and supporting documents when requested. An action in a court of law is not required. Public Law 95-563 (amended) and the FAR clauses incorporated into the contract require this contractor challenge this person and the person's supervision to secure the government from unauthorized actions not provided in Public Law 95-563 (amended) CDA.

10. Multiple 48 C.F.R 1.602-1 requests to the defendant and defendant's supervision were made in 2006, 2007, and 2008 with no response. The recorded SF26 Contracting Officer for Contract FA862104D6250 asserts he never provided the defendant written delegated contracting authority. There is no mutually signed SF26 contract between this contractor and this defendant. Sufficient prima facie evidence exists that this defendant has no scope of employment, no scope of authority, no individual capacity, and no official capacity as a Contracting Ordering Officer or Contracting Officer in this contract.

11. The defendant self asserts she is the "assigned" Contracting Officer (CO) for Contract FA862104D6250 and continues to increase contract administration costs. This action in 28 U.S.C. §1332 Diversity Jurisdiction protects the government from unauthorized actions and protects this contractor from risk.

12. This Case No.: 3:08-cv-00212-L-WMC is completed. A Request for Entry of Default Judgement and Entry of Default Judgement of $0.0 (zero dollars) against Betty W. Clingerman for this violation of federal law and acquisition regulations is asserted by this plaintiff. Betty W. Clingerman and her supervision, did not provide the 48 C.F.R 1.602-1 information and FAR 1.603 supporting documents requested in Case 3:08-cv-00212-L-WMC.

13. This case is completed with no requested amendment to this Complaint by this plaintiff to this court. Public Law 95-563 and 48 C.F.R 1.602-1 provides the express provision made in a statute as the 28 U.S.C. § 1332 (b) exception. Potential damages in excess of $75,000 exist and may be invoiced to agency for ratification as unauthorized actions in accordance with the contract. In the advent the agency elects to not support the actions of the defendant during the process of ratification, a second complaint may be issued in a United States District Court.

14. There currently is no Public Law 95-563 (amended) (CDA) and FAR 1.602 SF26 Contracting Officer of Record to assert a claim for a final and conclusive decision for Contract FA862104D6250. The agency has elected to sever Public Law 95-563 (amended) (CDA) from the Disputes Clause of Contract FA862104D6250. Contract FA862104D6250 is Firm Fixed Price Indefinite Delivery Requirement Contact (FFP IDRC) of $3,000,000 value 5 year duration through Dec 31, 2008.

15. A more detailed analysis of these Matters of Law and Fact and the Due Process afforded this defendant are provided in a Memorandum of Points of Authorities (Document 3 of 5).

Dated this March 24, 2008
/s Guy W. Parker
DOD DSS OPM FSO #08UX5
14924 Conchos Dr.
Poway, CA 92064
858-486-6469