

1  Guy W. Parker
   14924 Conchos Dr.
2  Poway, CA 92064
   858-486-6469
3

**FILED**

MAR 2 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10  Guy W. Parker,                )   Case No.: 3:08-cv-00212-L-WMC
                                  )
11        Plaintiff,              )
                                  )   Pure Bill of Equitable Discovery
12     vs.                        )   48 C.F.R 1.602-1 Request for Documents
                                  )   Response to Apparent Show Cause Order D18
13  Betty W. Clingerman,          )
                                  )
14        Defendant               )   **Document 3 of 5**
                                  )   **Memorandum of Points of Authority**

15

16       **Introduction to Government Public Contract Law**

17       **Required Information and Supporting Documents**

18

19  1. 48 C.F.R. §1.602, §1.603, §4.101 (FAR §1.602, §1.603, §4.101) information and

20     supporting documents on the limits of a contracting officers' authority shall be

21     readily available to the public and agency personnel. An unauthorized

22     agreement is not binding solely because the federal employee who made it

23     lacked the authority and scope of employment to enter into that agreement on

24     behalf of the Government.

25

26     A Table of Contents of this Memorandum of Points of Authority is provided.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Contents Memorandum of Points of Authority**

Introduction to Government Public Contract Law ................................................1

   Required Information and Supporting Documents............................................1

The Public Law 95-564 FAR 1.6.2-1 SF26 Contracting Officer .............................4

Unauthorized agreements SF26 Contracting Officer Authority...........................5

Firm Fixed Price Indefinite Requirements Contract.............................................6

   Contract FA862104D6250 (FFP IDRC).................................................................6

Resolution of Contract Disputes Part II - §I .........................................................7

   52.233-01 Disputes (JUL 2002)............................................................................7

Contract Changes Clause Part II - § I....................................................................8

   52.243-01 Changes – FP (Aug 1987) - Alt III (Apr 1984).....................................8

48 C.F.R 1.602-1 Information Requests .................................................................9

   48 C.F.R. §1.602, §1.603, §4.101 (FAR §1.602, §1.603, §4.101) ...........................9

Contractor and Security Officer Challenge and Required Response...................10

Who's on First, No Who is on Second ...................................................................11

28 U.S.C. 1332 Diversity Jurisdiction.................................................................12

   Challenge and Response for Required Documents ............................................12

United States Department of Justice....................................................................13

   28 U.S.C. § 1332 Diversity Jurisdiction Non-Tort Action..................................13

United States Department of Justice....................................................................14

   28 U.S.C. § 2679 Tort Action Representation by USDOJ...................................14

No Required Capacity Presumption in Diversity Jurisdiction.............................15

Defiance of a FAR Request for Documents Violation of Federal law...................16

Critical Event "Lost SF26 Contracting Officer of Record" ...................................17

Public Law 95-563 (amended) (CDA) and FAR 1.602 .......................................17

Multiple requests to Betty W. Clingerman, Supervisor, and Agency .................18

Contract FA862104D6250 Contractor Required Performance ...........................19

Unauthorized agreements, Agreements, and Ratification ...............................19

10 Step Sequence for SF26 Contracting Officer Authority ..................................20

Unauthorized agreement Defined in FAR 1.602-3(a) ..........................................21

Case 3:08-CV-00212-L-WMC Documents 12, 12-2, and 13 Disregarded .........22

Malformed Apparent (not verified Court Orders) .............................................23

Malformed Documents 12 and 12-2 Disregarded ..............................................24

Malformed Document 13 Disregarded ...............................................................25

Manipulated CM/ECF Court Docket Entries 15 and 16 ...................................26

Deemed Apparent Exclusive Jurisdiction US Court of Federal Claims ..............27

Memorandum Points of Authorities Summary and Conclusion ..........................28

**The Public Law 95-564 FAR 1.6.2-1 SF26 Contracting Officer**

2. The contracting officer is the person whose name appears typed in SF26 Block 20A and signed in SF26 Block 20B. The contracting officer whose name is typed and signed on the SF26 shall ensure that contractors receive impartial, fair, and equitable treatment. The termination of a contracting officer's appointment is by official agency letter provided to the contractor.  In the advent the SF26 contracting officer's appointment is terminated, a constructive change to the contract occurs, a new mutually signed SF26 is secured with a new contracting officer. The contract may be terminated for convenience by the agency.

3. A contracting officer is appointed to be a SF26 contracting officer by the agency Certificate of Appointment. The appointment as the SF26 contracting officer for a specific contract is ratified by mutually signature with the contractor. The responsibilities of the SF26 contracting officer cannot be "assigned". The responsibilities of the SF26 contracting officer can be "delegated".

4. The SF26 contracting officer delegates responsibilities through his/her written delegated authority. FAR  §1.602-1  §1.603-1 Information and supporting documents on the limits of the written delegated authority shall be readily available to the public and agency personnel.

5. A contractor that acts upon the direction of a federal employee without the SF26 contracting officer's written delegated authority does so at the contractor's own risk. Unauthorized agreements created by a federal employee violate Federal laws and regulations, Government-wide Standards of Conduct for Federal Employees, and DoD Acquisition Regulations.

**Unauthorized agreements SF26 Contracting Officer Authority**

6. A federal employee that creates unauthorized agreements without the SF26 contracting officer written delegated authority are acting outside scope of employment and scope of authority in individual and official capacity, are personally liable, and may receive disciplinary action.

7. The contractor is required to ascertain the scope of employment and limits of authority of a federal employee. The information and supporting documents are required to be readily available on demand request.

8. Acts of denial and failure to answer a written request for information and supporting documents are not done on the behalf of the United States.

9. Failures to answer written requests for FAR §1.602-1 §1.603-1 Information and supporting documents are violations of Federal law, Federal regulation, the Government-wide Standards of Conduct for Federal Employees, and Department of Air Force Acquisition Regulations.

10. Unauthorized agreements are infractions of the law. A federal employee that creates an unauthorized agreement creates an agreement binding on the government employee acting outside scope of employment and scope of authority in personal capacity that is not binding on the government.

08cv0212

**Firm Fixed Price Indefinite Requirements Contract**

**Contract FA862104D6250 (FFP IDRC)**

11. Government public contract law provides for "types of contracts" and "methods for contracting". Contract FA862104D6250 is Firm Fixed Price. FAR 16.501-2(a) provides for three methods for contracting: a) definite-quantity contracts, b) requirements contracts, and c) indefinite-quantity contracts.

12. Each method is distinct from the other. All three methods allow for Delivery Orders in addition to the basic Firm Fixed Price contract and provide for Contracting Ordering Officers acting within written delegated authority from the SF26 Contracting Officer.

13. In the advent a Delivery Order dispute occurs, the Contracting Ordering Officer shall refer resolution of the dispute to the SF26 Contracting Officer. The SF26 Contracting Officer receives a contractor claim for a Delivery Order Dispute and renders a final and conclusive decision.

14. A Contracting Ordering Officer cannot issue a signed final and conclusive decision on a Delivery Order dispute, only the SF26 Contracting Officer has the CDA authority to issue final and conclusive contract decisions.

15. A difference between the two methods of contract, Indefinite Delivery Requirements Contracts (IDRC) and Indefinite Delivery Indefinite-Quantity Contracts (IDIQ), is that indefinite-quantity (IDIQ) contracts must have a stated minimum in the basic contract. A requirements contract (IDRC) does not have a stated minimum in the basic contract. Contract FA862104D6250 is a Firm Fixed Price Indefinite Requirements Contract (FFP IDRC).

**Resolution of Contract Disputes Part II - §I**

**52.233-01 Disputes (JUL 2002)**

16. Resolution of contract disputes is governed by the Disputes Clause in the contract. A modern standard government public contract with an executive agency incorporates a Disputes Clause that incorporates three parts in order of precedent: a) Alternative Dispute Resolution, b) Public law 83-356, 68 Stat. 81, and c) Public law 95-563 (amended) CDA.

17. The Disputes Clause enables the SF26 Contracting Officer the election to mutually negotiate and mutually agree at time of contract signature to the resolution of all disputes in Alternative Dispute Resolution before a Public Law 95-563 (amended) CDA written claim is presented to the SF26 Contracting Officer for a written final and conclusive decision.

18. Contract FA862104D6250, a Firm Fixed Price Indefinite Requirements Contract (FFP IDRC), has a mutually negotiated and mutually agreed Disputes Clause that mandates alternative dispute resolution shall commence on the election of either party before a claim is presented by either party.

19. This process is intended to avoid vexing litigation, provides an opportunity for each party to present the facts, and reduces the overall contract administration costs for both parties. A Contract Ordering Officer provides information to the SF26 Contracting Officer for dispute resolution, a Contract Ordering Officer is not party to the resolution and not a party to the Public Law 95-563 (amended) (CDA) SF26 Contracting Officer final and conclusive decision.

20. Unauthorized agreements are outside Public law 95-563 (amended) CDA, are within Public law 83-356 68 Stat. 81, and resolved by ADR when requested.

**Contract Changes Clause Part II - § I**

**52.243-01 Changes – FP (Aug 1987) - Alt III (Apr 1984)**

21. The contractor and the SF26 Contracting Officer may elect to mutually agree to a change in the basic terms of the contract. A Contracting Ordering Officer is not provided the authority to change the basic terms of the contract.

22. When a Contracting Ordering Officer, not the SF26 Contracting Officer, changes the basic terms of the contract without bilateral agreement, outside of written delegated authority, and distributes the changed contract to other agencies, the Contracting Ordering Officer issues the unauthorized agreement.

23. When a Contracting Ordering Officer, not the SF26 Contracting Officer, changes the basic terms of the contract without bilateral agreement a Contracting Ordering Officer is acting outside scope of employment and scope of authority in personal capacity.

24. The Contracting Ordering Officer appears to masquerade as a SF26 Contracting Officer without express written delegated authority. The Contracting Ordering Officer creates an unauthorized agreement.

25. A Contracting Ordering Officer that appears to masquerade as the SF26 Contracting Officer for a specific contract with a signed self-declaration statement of "assignment" under penalty of perjury in a court of law, shall provide the 48 C.F.R. §1.602, §1.603, §4.101 (FAR §1.602, §1.603, §4.101 information and supporting documentation to support the self-declaration that shall be readily available to the public and agency.

08cv0212

**48 C.F.R 1.602-1 Information Requests**

**48 C.F.R. §1.602, §1.603, §4.101 (FAR §1.602, §1.603, §4.101)**

26. Requestors for the information and supporting documents are not required to provide relationships, justifications, motives, intent, or contractual relationships to secure the requested FAR §1.602-1 §1.603-1 information and supporting documents.

27. All federal employees appearing to perform federal procurement contract activities are required to provide the information and supporting documents. An action in a court of law is not required. A federal employee who attempts to masquerade as a Contracting Ordering Officer or SF26 Contracting Officer is susceptible to the FAR request for information. All federal employees attempting contract actions are susceptible.

28. Public Law 95-563 (amended) and the FAR clauses incorporated into this contract require this contractor to challenge the person, the person's supervisor, and the agency to secure the government from unauthorized agreements.

29. Scope of Employment and Scope of Authority is explicit in government public contract federal procurement. These employees are held to higher standards. The requestor is not required to conclude federal employees, possibly masquerading as Contracting Ordering Officers with written delegated authority from the SF26 Contracting Officer, have status in individual or official capacity and is operating on behalf of the United States. The requestor is not required to conclude federal employees, possibly masquerading as a Public Law 95-563 SF26 Contracting Officer with written appointment authority, have status in individual or official capacity and is operating on behalf of the United States.

**Contractor and Security Officer Challenge and Required Response**

30. The requestor's first step is to write and send a memorandum to the person, the person's supervisor, and the agency to secure the information and supporting documents on the limits of authority and written delegated authority that shall be readily available to the public and agency personnel. The requestor is not required to provide relationships, justifications, motives, intent, or contractual relationships to secure the information and supporting documentation.

31. The requestor presents a written request for the information. A response from the person, the person's supervisor, and the agency is required. If there is no timely response, the requestor is free to conclude the individual is acting outside scope of employment, outside scope of authority, and not on behalf of the United States.

32. The contractor and or security officer concludes the person is attempting to entice the contractor into an unauthorized agreement or is demanding the contractor perform to an unauthorized agreement.

33. The merits of a potential action, existing action, or completed action are not a required perquisite for securing a written response for the requested required information and supporting documentation.

34. A non-response to the written request from the person, person's supervisor, and the agency is a violation of Federal law, Federal regulation, the Government-wide Standards of Conduct for Federal Employees, and Department of Air Force Acquisition Regulations.

**Who's on First, No Who is on Second**

35. A contractor knows explicitly who the SF26 Contracting Officer is by mutual signature on the SF26 Cover Sheet on the contract. A contractor knows a federal employee is masquerading as the SF26 Contracting Officer when the contractor compares the name of the person and the name on Block 20A and Block 20B of the SF26.

36. A contractor knows explicitly the person whose name does not match the name on the SF26 is acting outside of scope of employment and scope of authority in both individual and official capacity and the person is not acting on behalf of the United States.

37. The contractor is required to challenge the person by sending a written memorandum requesting the information and supporting documentation. A non-response from the person, person's supervisor, and agency is a violation of Federal law. At this point, the contractor may elect to repeat several times sending written requests for the information and supporting documentation on the limits of authority and written delegated to the person, person's supervisor, and the agency.

38. Continued non-response to the written requests presented to the person, person's supervisor, and the agency is a violation of Federal law, Federal regulation, the Government-wide Standards of Conduct for Federal Employees, and Department of Air Force Acquisition Regulations. At this point, with successive non-responses, the contractor has sufficiently established the show cause that the person is apparently masquerading as a Contracting Ordering Officer or apparently masquerading as the recorded SF26 Contracting Officer.

**28 U.S.C. 1332 Diversity Jurisdiction**

**Challenge and Response for Required Documents**

39. Sufficient cause for a challenge in 28 U.S.C. 1332 Diversity Jurisdiction for the required documents is provided in law.

40. With successive non-responses, the person, the person's supervisor, and the agency are in violation of Federal law, Federal regulation, the Government-wide Standards of Conduct for Federal Employees, and Department of Air Force Acquisition Regulations.

41. Public Law 95-563 and FAR 1.602 requires a challenge and requires a response. At this point, the contractor can no longer conclude the person is acting within scope of employment or scope of authority on behalf of the United States.

42. 28 U.S.C. 1332 Diversity Jurisdiction and the Federal Rules of Civil Procedure Rule 4 do not require the contractor to presume scope of employment or scope of authority in individual or official capacity on behalf of the United States.

43. In the advent the contractor does presume scope of employment or scope of authority in individual or official capacity on behalf of the United States exists, Federal Rules of Civil Procedure Rule 4 provides procedures in serving a summons in Rule 4(i)(2)(B). Rule 4(i) presumes, in all instances, that the individual is performing a function on behalf of the United States.

44. Failure to provide the FAR information and supporting is not performed on the behalf of the United States and is a violation of Federal law, Federal regulation, the Government-wide Standards of Conduct for Federal Employees, and Department of Air Force Acquisition Regulations.

1      **United States Department of Justice**

2      **28 U.S.C. § 1332 Diversity Jurisdiction Non-Tort Action**

3      45. In these situations, wherein failure to provide the required documents in

4           individual and official capacity on behalf of the United States occurs, the

5           Department of Justice provides instructions to federal employees.

6

7      46. 28 U.S.C. § 1332 Diversity Jurisdiction provides no required presumption that a

8           federal employee is operating, in a specific instant case, in individual or official

9           capacity on the behalf of the United States. The United States Department of

10          Justice provides:

11          Federal employees are responsible for acquainting themselves with 28 U.S.C. § 2679 in
             order that they may be aware of requirements which may affect them as Federal
12          employees and as private individuals in personal capacity. The possibility that a
             government employee may be held personally liable for actions taken while acting within
13          the scope of his employment was one of the factors that prompted the Congress to pass
             the Federal Driver's Act, an amendment to the Federal Tort Claims Act, 28 U.S.C. §
14          2679, which provides that remedy by suit against the United States is exclusive, and the
             employee may not be sued personally, where damage to property or injury results from
15          the operation by the employee of a motor vehicle while acting within the scope of his
             official duties.

16
             In such cases, it is the responsibility of the Departments to supply the Department of
17          Justice with information -- usually in the form of affidavits from the employee involved
             and his supervisor -- to show that the employee was in fact acting with the scope of this
18          official duties. If the Department of Justice is satisfied that the employee was acting
             within the scope of his official duties, it will remove the action to Federal court if filed in
19          a State of local court, and will file a motion in Federal court to dismiss the action against
             the employee under the official immunity doctrine set out in the Supreme Court cases of
20          Barr v. Matteo, 360 U.S. 564 (1959) and Doe v. McMillan, 412 U.S. 306 (1973)

21          The Department of Justice has asked to make it clear to all federal employees that the
             Department of Justice will not and cannot provide a guarantee to that effect.
22
             **The Supreme Court declined to hold that the immunity of a federal employee from
23          civil liability for acts done while acting within the scope of his employment was
             absolute; instead it advised . . . a discerning inquiry into whether the contributions
24          of immunity to effective government in particular contexts outweigh perhaps
             recurring harm to individual citizens'. Doe v. McMillan, 412 U.S. 306, 319 (1973).**
25
             In view of this possibility that an employee may be held personally liable, the
26          Department of Justice recommends that all federal employees be advised of his right to
             secure private counsel. It is extremely unlikely that a federal employee would be found
27          personally liable if he is indeed acting within the scope of his authority. The Department
             of Justice cannot guarantee that defense will be provided the employee in every case or
28          that the employee will never be found civilly liable in his personal capacity.

1    **United States Department of Justice**

2    **28 U.S.C. § 2679 Tort Action Representation by USDOJ**

3    47. The United States Department of Justice request that administrative officials

4    and employees promptly call to the attention of the appropriate Regional

5    Attorney or Attorney-in-Charge, or other appropriate representative of this

6    Office any lawsuits filed against them, so that the necessary action may be

7    promptly taken to obtain representation by the Department of Justice. The

8    following statutes are provided:

**28 U.S.C. § 2679 (c)** The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

**28 U.S.C. § 2679 (d) (1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

**28 U.S.C. § 2679 (d)(2)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

**28 U.S.C. § 2679 (d)(3)** In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. ..... .

08cv0212

**No Required Capacity Presumption in Diversity Jurisdiction**

48. There is no required presumption in Diversity Jurisdiction that a federal employee is operating in a specific instance within scope of employment or scope of authority in individual or official capacity. A Certification of Scope of Employment or Certification of Scope of Authority is judicially reviewable:

**SUPREME COURT OF THE UNITED STATES 515 US 417 (1995)**
**GUTIERREZ de MARTINEZ et al. *v.* LAMAGNO et al.**
**Certiorari to the United States court of Appeals for the fourth circuit**

Syllabus No. 94-167. Argued March 22, 1995 -- Decided June 14, 1995

Invoking the federal court's jurisdiction based on diversity of citizenship, petitioners alleged in their complaint that they had suffered physical injuries and property damage as a result of an accident in Colombia caused by the negligence of respondent Lamagno, a federal employee. The United States Attorney, acting pursuant to the statute commonly known as the Westfall Act, 28 U.S.C. § 2679(d)(1), certified on behalf of the Attorney General that Lamagno was acting within the scope of his employment at the time of the episode. Ordinarily, upon such certification, the employee is dismissed from the action, the United States is substituted as defendant, and the case proceeds under the Federal Tort Claims Act (FTCA). But in this case, substitution would cause the action's demise: petitioners' claims arose abroad, and thus fell within an exception to the FTCA's waiver of the United States' sovereign immunity. And the United States' immunity would afford petitioners no legal ground to bring Lamagno back into the action. See *United States* v. *Smith*, 499 U.S. 160. Endeavoring to redeem their lawsuit, petitioners sought court review of the Attorney General's scope of employment certification, for if Lamagno was acting outside the scope of his employment, the action could proceed against him. However, the District Court held the certification unreviewable, substituted the United States for Lamagno, and dismissed the suit. The Fourth Circuit affirmed.

*Held:* The judgment is reversed, and the case is remanded.

49. 48 C.F.R 1.602-1 information and FAR 1.603 supporting documents preempt prima-facie 28 U.S.C. § 2679(d)(1) Certifications of Scope of Employment or Certifications of Scope of Authority, self declarations, or affidavits from a United States Attorney. Certificates rendered by a United States Attorney are judicially reviewable, therein, in this instant case, the 48 C.F.R 1.602-1 required information and 48 C.F.R 1.603 required supporting documents and shall preempt prima-facie 28 U.S.C. § 2679(d)(1) Certifications. Gutierrez de Martinez et al. v. Lamagno et al. 515 US 417 (1995). Barr v. Matteo, 360 U.S. 564 (1959, Doe v. McMillan, 412 U.S. 306 (1973).

**Defiance of a FAR Request for Documents Violation of Federal law**

50. Defiance of a FAR 1.602-1 Request for Documents is a violation of Federal law:

**Subpart 1.6- Career Development, Contracting Authority, and Responsibilities**

**FAR 1.601 General.** (a) Unless specifically prohibited by another provision of law, authority and responsibility to contract for authorized supplies and services are vested in the agency head. The agency head may establish contracting activities and delegate broad authority to manage the agency's contracting functions to heads of such contracting activities. Contracts may be entered into and signed on behalf of the Government only by contracting officers. In some agencies, a relatively small number of high level officials are designated contracting officers solely by virtue of their positions. Contracting officers below the level of a head of a contracting activity shall be selected and appointed under 1.603.

**FAR 1.602 Contracting officers. 1.602-1 Authority.** (a) Contracting officers have authority to enter into, administer, or terminate contracts and make related determinations and findings. Contracting officers may bind the Government only to the extent of the authority delegated to them. **Contracting officers shall receive from the appointing authority (see 1.603-1) clear instructions in writing regarding the limits of their authority. Information on the limits of the contracting officers' authority shall be readily available to the public and agency personnel. (b) No contract shall be entered into unless the contracting officer ensures that all requirements of law, executive orders, regulations, and all other applicable procedures, including clearances and approvals, have been met.**

**FAR 1.602 Contracting officers. 1.602-2 Responsibilities.** Contracting officers are responsible for ensuring performance of all necessary actions for effective contracting, ensuring compliance with the terms of the contract, and safeguarding the interests of the United States in its contractual relationships. In order to perform these responsibilities, contracting officers should be allowed wide latitude to exercise business judgment. Contracting officers shall (a) Ensure that the requirements of 1.602-1(b) have been met, and that sufficient funds are available for obligation; b) Ensure that contractors receive impartial, fair, and equitable treatment; and (c) Request and consider the advice of specialists in audit, law, engineering, transportation, and other fields, as appropriate.

**FAR 1.602 Contracting officers. 1.602-3 Ratification of unauthorized agreements.** (a) Definitions. "Ratification," as used in this subsection, means the act of approving an unauthorized agreement by an official who has the authority to do so. "Unauthorized agreement," as used in this subsection, means an agreement that is not binding solely because the Government representative who made it lacked the authority to enter into that agreement on behalf of the Government. (b) Policy. (1) Agencies should take positive action to preclude, to the maximum extent possible, the need for ratification actions. Although procedures are provided in this section for use in those cases where the ratification of an unauthorized agreement is necessary, these procedures may not be used in a manner that encourages such commitments being made by Government personnel.

**FAR 1.603 Selection, appointment, and termination of appointment. Subsection 414(4) of title 41, United States Code,** requires agency heads to establish and maintain a procurement career management program and a system for the selection, appointment, and termination of appointment of contracting officers. **FAR 1.603-4 Termination.** Termination of a contracting officer appointment will be by letter, unless the Certificate of Appointment contains other provisions for automatic termination. Terminations may be for reasons such as reassignment, termination of employment, or unsatisfactory performance.

**Critical Event "Lost SF26 Contracting Officer of Record"**

**Public Law 95-563 (amended) (CDA) and FAR 1.602**

51. This litigation was required by the critical event "Lost SF26 Contracting Officer of Record" for Public Law 95-563 (amended) (CDA) and FAR 1.602. The FA862104D6250 SF26 Contracting Officer of Record for Public Law 95-563 (amended) (CDA) FAR 1.602 has stated his contracting authority is terminated. This critical event was created by the agency. The procurement agency elected not to resolve their created event in Contract FA862104D6250 mandatory Alternative Disputes Resolution Contract Attachment 7. The procurement agency forced their created event into litigation. The procurement agency is a source of ruinous and vexing litigation. This contractor had no control over their agency created event. Direct communication with the head of agency procurement commands (AFMC) to resolve their created event was instigated and was ignored with an unresponsive Official Air Force Headquarters Memorandum of June 23, 2006.

52. The agency appears have elected to "assign" Betty W. Clingerman into a position outside of her SF26 scope of employment and scope of authority in Contract FA862104D6250. The "assignment", left unchallenged, yields the expected result that this contractor, members of the United States Air Force, US Department of Justice, and Courts, will blindly create and enter into unauthorized agreements at this contractor's risk and expense without recourse. Unauthorized agreements appear outside the limits of Public Law 95-563 (CDA). This contractor does not elect to assume this risk. Betty W. Clingerman has been challenged in personal capacity, possible individual capacity, and possible official capacity. The result is her, her supervisor's, and the agency's defiance of a FAR 1.602-1 written request, a violation of Federal law and Federal regulations not performed on the United States' behalf.

**Multiple requests to Betty W. Clingerman, Supervisor, and Agency**

53. Multiple requests to Betty W. Clingerman and the agency for the 48 C.F.R 1.602-1 information and FAR 1.603 supporting documents regarding Betty W. Clingerman's written delegated contracting authority in 2006, 2007, and 2008 did not provide the required information. Betty W. Clingerman's and agency's failure to provide the 48 C.F.R 1.602-1 information prompted this action.

54. There currently is no Public Law 95-563 (amended) (CDA) and FAR 1.602 recorded SF26 Contracting Officer of Record to assert a claim for a final and conclusive decision. The agency has elected to sever Public Law 95-563 (amended) (CDA) from the Disputes Clause of Contract FA862104D6250. Contract FA862104D6250 is Firm Fixed Price Indefinite Delivery Requirement Contact (FFP IDRC) of $3,000,000 value 5 year duration through Dec 31, 2008.

55. This relatively rare and unusual form of contract is the result of eight years of consecutive contracts and 11 years of successful delivery of same goods and services to the same locations. The government does not own the data rights as stated in their public procurement publications. This price effective Small Business low overhead private investment contracting method started in 1997 yielded over fifty million dollars directly accounted (not projected) cost savings through CY 2006. This cost savings is dependent on an honorable relationship where all disputes are resolved through mandatory alternative dispute resolution before claims are presented to the SF26 Contracting Officer of Record. A second event, a mandated reorganization by Assistant Secretary of the Air Force for Acquisition Marvin Sambur, left Michael L. Grove at personal risk in his position as the SF26 Contracting Officer. In apparent personal risk, his contracting authority was apparently terminated. There is no SF26 Contracting Officer to assert a Pub. L. 95-563 (CDA) claim.

**Contract FA862104D6250 Contractor Required Performance**

**Unauthorized Agreements and Ratification**

56. This contractor is required by Public Law 95-563 (amended) (CDA) and FAR 1.602 to review the proposed "assigned" person's credentials, review the terms and conditions of the contract with the person, determine if the person will adhere to the mutually negotiated terms of the contract, determine if the individual has organizational conflicts of interest, and determine if the person has SF26 contract authority or written delegated authority from the recorded SF26 Contracting Officer of Record.

57. Any person in whatever possible capacity claiming the authority of the recorded SF26 Contracting Officer of record must provide documentation verifying their credentials on demand by providing 48 C.F.R 1.602-1 information and FAR 1.603 documents required to be readily available.

58. The Contracting Officer of Record, Michael L. Grove, has provided statements of fact that his contracting authority has been terminated. No official memorandum has been provided by the agency to this contractor. His SF1402 written delegated appointment termination is required to be provided to this contractor. This verification of termination of contract authority has not been provided to this contractor. This event creates contract administration costs.

59. Michael L. Grove's responsibilities cannot be "assigned". No other individual is allowed to change the basic terms of the contract. No other person is allowed to render a final and conclusive decision on a claim presented by the contractor. There is no "substitution" for the SF26 Contracting Officer of Record in government public law federal acquisition procurement. The absence of an SF26 Contracting Officer of Record precludes the Pub. L. 95-563 CDA process.

08cv0212

## 10 Step Sequence for SF26 Contracting Officer Authority

60. The sequence for written Individual and Official Capacity delegated contract authority requires ten (10) steps with four (4) signatures in the following order:

1) The agency supervisor's Nomination for Appointment (Support Docs to JAG);
2) The agency Head of Contracting Authority (HCA) Appointment (SF1402);
3) The agency sends the contractor the proposed contract with an SF26 cover;
4) The contract is sent with name of the agency officer typed in SF26 Block 20A;
5) The Contractor's prints name, signs, and dates SF26 Blocks 19A/199B/19C;
6) The contractor sends the contract back to the agency for final signature.
7) The agency officer (named Block 20A) signs and dates SF26 Blocks 20B/20C.
8) The agency officer distributes the contract to the Heads of Contract Authority;
9) On approval, the agency officer becomes the P.L. 95-563 Contracting Officer;
10) Upon signature, the agency officer agrees to uphold FAR and FAR 1.6.

61. It is the contractor that provides federal employees individual or official capacity in the contract in Step 5 of the contract signature process stated above. If a federal employee so elects to be appointed as the Public Law 95-563 (amended) (CDA) SF26 Contracting Officer of Record a new SF26 with his/her name must be issued to this contractor for mutual signature if the contractor, after reviewing the credentials / organizational conflicts agrees.

62. If the defendant, Betty W. Clingerman, intended to be the SF26 Contracting Officer of Record, she failed to complete the process to have SF26 Contracting Officer authority in Contract FA862104D6250. This contractor does not assume the risk of accepting directions or Contract FA862104D6250 interpretations from Betty W. Clingerman or any other federal officer or employee in the absence of a mutually signed SF26 in accordance with the steps outlined above.

08cv0212

**Unauthorized Agreement Defined in FAR 1.602-3(a)**

63. Contract directions to this contractor shall come from the recorded SF26 Contracting Officer of Record. This contractor shall avoid entering into unauthorized agreements. The United States Department of State provides that unauthorized agreement is:

An "unauthorized agreement" is defined in FAR 1.602-3(a) as "an agreement that is not binding solely because the Government representative who made it lacked the authority to enter into that agreement on behalf of the Government." The only individuals who can bind the Government are warranted contracting officers and purchase cardholders acting within the limits of their delegated authority. Unauthorized agreements violate Federal law, Federal regulation, the Government-wide Standards of Conduct for Federal Employees, and Department of State Acquisition Regulations.

64. There are severe consequences for all parties involved with unauthorized agreements. Unauthorized agreements may result in personal liability for the individual who made the commitment. Personnel responsible for unauthorized agreements are required to give detailed written explanations of their actions and may be subject to disciplinary action. Contractors who act on unauthorized agreements do so at their own risk and are not entitled to consideration unless and until the unauthorized agreement is ratified.

4/13/2007 - ANDREWS AFB, Md. -- Ratification is a term that's not discussed often, but all military and government civilian personnel should become familiar with it because disciplinary actions may be taken or they may be held personally and financially liable in certain situations.

The Federal Acquisition Regulation defines ratification as the act of approving unauthorized agreements by one with authority to do so. Unauthorized agreements are agreements made by government personnel. According to the FAR, these agreements aren't binding because the government representative who made them lacked the authority to enter into such agreements on behalf of the government. As with any other infraction of the law, there are consequences everyone must understand, said Capt. Brian Putnam, Headquarters Air Force Office of Special Investigations Command Acquisition advisor. "Unauthorized agreements place the government in a bad position because the actions taken by the government representative obligated funds in an illegal manner," said Captain Putnam. "When an unauthorized agreement occurs, the contracting office may process ratification. When someone makes an unauthorized agreement, the agreement is not binding on the government; it's between the individual and the contractor," he said. "The FAR states that agencies should expend maximum effort to avoid ratification. Thus, ratification, the act of obligating the government for the individual's debt, is not mandatory."

08cv0212

1  **Case 3:08-CV-00212-L-WMC Documents 12, 12-2, and 13 Disregarded**

2  65. Case 3:08-CV-00212-L-WMC Documents 12, 12-2, and 13 filed on 03/05/2008

3  after 5:00 pm entered by STEVE B. CHU Assistant U.S. Attorney California

4  Bar No. 221177 were, are, and remain disregarded by this Plaintiff. The

5  documents were malformed not in accordance with the local rules of this court

6  CivLR 5.1(b). Documents 12, 12-2, and 13 failed the proper format for filing.

7  Format for Filings Case Numbering: The case number must appear on the

8  lower right corner of each page, below line 28, excluding the title page of each

9  document and all pages of a case opening document (CivLR 5.1(b)). Such offense

10  may be waived to a pro-se with reprimand. This US Attorney appears to not

11  know or disregards CivLR 5.1(b). Upholding this malformed filing, by not

12  striking the documents from the court records, indicates this court appears to

13  hold the US Attorney to a lower standard than a state citizen self litigant. The

14  malformed attempts appear to violate Federal Law and do not preserve the

15  appearance of our fair, impartial, and independent court system.

16

17  Two apparent Court Orders were presented to this Plaintiff. Both Court Orders

18  appear not signed by the Case 3:08-CV-00212-L-WMC assigned judge. Rather

19  than a judge signed document, an electronic stamp signature block without a

20  "/s" was affixed to the documents. A Law Clerk without apparent delegated

21  authority from the assigned judge could duplicate these electronic stamp

22  signature blocks found on both suspect Court Orders, making the documents

23  appearance official. The Docket for Case 3:08-CV-00212-L-WMC was

24  manipulated by a possible Law Clerk referenced as "(mjj)" without prior

25  plaintiff consultation. Upon telephonic conference "(mjj)" refused to provide his

26  last name and be identified. His manipulations make it appear the Plaintiff was

27  responding to Documents 12, 12-2, and 13 by what he called "I assumed you

28  were, so I changed your docket entries". No power of attorney was provided.

1

**Malformed Apparent (not verified Court Orders)**

2    Case 3:08-cv-00212-L-WMC    Document 17    Filed 03/13/2008    Page 1 of 3

3

4    _M. James Lorenz_                    (Order filed February 12, 2008 [doc.

5    United States District Court Judge

6    'affidavits" as requests for entry of default.  Because                    08cv212

7    , entry of default against defendant is **D ENIED.**

8    **GWP Note: Blank after D before E: "D ENIED"**

9    Case 3:08-cv-00212-L-WMC    Document 18    Filed 03/13/2008    Page 3 of 3

10

11    _M. James Lorenz_                    and judgment and may remand the
                                            605-09.
12    United States District Court Judge                              08cv212

13

14      A) The Electronic Signature Blocks are identical with no required "/s".

15      B) The Case Code "08cv212" is malformed: CivLR 5.1(c) required is "08cv0212".

16      C) Nothing was "DENIED" in this apparent unverified document.

17      D) Plaintiff does not know what a "D" stands for and what "ENIED" means.

18      E) The documents appear fraudulent and are malformed in construction.

19      F) The documents are disregarded by this Plaintiff.

20      G) Any apparent responses by plaintiff are to present these malformations.

21

22    Note: The above listed items are meant to be representative and not all inclusive.

23

24

25

26

27

28

1

**Malformed Documents 12 and 12-2 Disregarded**

2

Case 3:08-cv-00212-L-WMC    Document 12    Filed 03/05/2008    Page 1 of 2

3

1  KAREN P. HEWITT
United States Attorney

4

2  STEVE B. CHU
Assistant U.S. Attorney

5

3  California Bar No. 221177
Office of the U.S. Attorney

6

4  880 Front Street, Room 6293
San Diego, CA 92101-8893

7

5  Telephone: (619) 557-5682

6  Attorneys for the United States of America

8

21  lawsuit unless or until Plaintiff properly serves all appropriate entities.

9

22

23  DATED: March 5, 2008                    KAREN P. HEWITT
United States Attorney

10

24

11

25                                          /s Steve B. Chu

12

26                                          STEVE B. CHU
Assistant U.S. Attorney

13

27                                          Attorneys for Bettie Clingerman as
sued in her official capacity as a federal
28                                          employee

14

15

2

16

Case 3:08-cv-00212-L-WMC    Document 12-2    Filed 03/05/2008    Page 1 of 2

1  KAREN P. HEWITT
United States Attorney

17

2  STEVE B. CHU
Assistant U.S. Attorney

18

3  State of California Bar No. 221177
Office of the U.S. Attorney

19

4  880 Front Street, Room 6293
San Diego, CA 92101-8893

20

5  Telephone: (619) 557-5682

6  Attorneys for Defendant

21

8  Executed this 5th day of March, 2008, at San Diego, California.

22

9

23

10  *mary C. Wiggins*

24

11  MARY C. WIGGINS

25

12

27

26

28  2

27

A) CivLR 5.1(c) required case codes "08cv0212" are missing, Page # on line 28.

28

B) The documents are disregarded by this Plaintiff.

1                 **Malformed Document 13 Disregarded**

2        Case 3:08-cv-00212-L-WMC     Document 13     Filed 03/05/2008     Page 1 of 1

3

4     1   KAREN P. HEWITT
           United States Attorney
5     2   STEVE B. CHU
           Assistant U.S. Attorney
6     3   California Bar No. 221177
           Office of the U.S. Attorney
7     4   880 Front Street, Room 6293
           San Diego, CA 92101-8893
8     5   Telephone: (619) 557-5682

9     6   Attorneys for Bettie Clingerman
           as sued in her official capacity as a federal employee
    7

10   26       I declare under penalty of perjury that the foregoing is true and correct.

11   27       Executed on this Day of March 5, 2008

12   28                      s/ Steve B. Chu
                                 STEVE B. CHU

13

14

15 A) CivLR 5.1(c) required case code "08cv0212" is missing.

16 B) The Plaintiff does not know of the existence of a "Bettie Clingerman".

17 C) The defendant in Case 3:08-CV-00212-L-WMC is "Betty W. Clingerman".

18 D) The defendant "Betty W. Clingerman" was sued in personal capacity.

19 E) An unknown defendant "Bettie Clingerman" was not sued in official capacity.

20 F) The name STEVE B. CHU appears below Line 28.

21 G) The document is disregarded by this Plaintiff.

22 H) Any apparent responses by plaintiff are to present these malformations.

23

24 Note: The above listed items are meant to be representative and not all inclusive.

25

26

27

28

                             08cv0212

# Manipulated CM/ECF Court Docket Entries 15 and 16

**3:08-cv-00212-L-WMC** Parker v. Clingerman
M. James Lorenz, presiding
William McCurine, Jr, referral
Date filed: 02/04/2008 Date of last filing: 03/13/2008

Case 3:08-cv-00212-L-WMC    Document 15    Filed 03/11/2008    Page 1 of 1

| | Filed & Entered: | 03/11/2008 | Affidavit |
|---|---|---|---|
| 15 | Docket Text: AFFIDAVIT re [10] Notice of Appearance, [9] Summons Returned Executed, *Affidavit of Contract FA862104D6250 ADR Moderator Alan C. Gaudette* by Plaintiff Guy W. Parker. (Attachments: # (1) Statement of Facts Summary - Affidavit 1 in Support of Default# (2) Affidavit Points of Authority# (3) Declaration [Declaration - Affidavit 1 in Support of Default# (4) Proof of Service Certificate of Service)(Parker, Guy) | | |

Case 3:08-cv-00212-L-WMC    Document 16    Filed 03/12/2008    Page 1 of 1

| | Filed & Entered: | 03/12/2008 | Affidavit |
|---|---|---|---|
| 16 | Docket Text: AFFIDAVIT re [13] Certificate of Service, [12] Notice (Other), [9] Summons Returned Executed, *Affidavit 2 in Support of Default, Peter D. Keisler and Betty W. Clingerman 02/09/2007 United States is not the defendant* by Plaintiff Guy W. Parker. (Attachments: # (1) Statement of Facts Summary - Affidavit 2 in Support of Default# (2) Memo of Points and Authorities Points of Authority# (3) Declaration # (4) Proof of Service Certificate of Service) (Parker, Guy) | | |

## CM/ECF Docket Manipulations
By MJJ (Phone Call: "Mark who won't provide his last name
Modified on 3/12/2008 to clarify text (mjj, )
Modified on 3/13/2008 to clarify text (mjj, )

**Added Phrase:** Response to 12 Notice of Failure to Serve Defendant -

| 03/12/2008 | 16 | Response to 12 Notice of Failure to Serve Defendant - Filed as: AFFIDAVIT re 13 Certificate of Service, 12 Notice (Other), 9 Summons Returned Executed, *Affidavit 2 in Support of Default, Peter D. Keisler and Betty W. Clingerman 02/09/2007 United States is not the defendant* by Plaintiff Guy W. Parker. (Attachments: # 1 Statement of Facts Summary - Affidavit 2 in Support of Default# 2 Memo of Points and Authorities Points of Authority# 3 Declaration # 4 Proof of Service Certificate of Service)(Parker, Guy) Modified on 3/13/2008 to clarify text (mjj, ) (Entered: 03/12/2008) |
|---|---|---|
| 03/11/2008 | 15 | Response to 12 Notice of Failure to Serve Defendant - Filed as: AFFIDAVIT re 10 Notice of Appearance, 9 Summons Returned Executed, *Affidavit of Contract FA862104D6250 ADR Moderator Alan C. Gaudette* by Plaintiff Guy W. Parker. (Attachments: # 1 Statement of Facts Summary - Affidavit 1 in Support of Default# 2 Affidavit Points of Authority# 3 Declaration [Declaration - Affidavit 1 in Support of Default# 4 Proof of Service Certificate of Service) (Parker, Guy) (mjj, ) Modified on 3/12/2008 to clarify text (mjj, ) (Entered: 03/11/2008) |
| 03/06/2008 | 14 | Document Stricken from the Record pursuant to 17 Order - Response to 12 Notice of Failure to Serve Defendant - Filed as: NOTICE by Guy W. Parker *Pure Bill of Equitable Discovery Early Neutral Evaluation Report 3 March 6, 2008. Information on the limits of authority shall be readily available to the public and agency personnel. (FAR 1.602)* (Attachments: # (1) Statement of Facts Early Neutral Evaluation Report 3 March 6, 2008# (2) Exhibit Early Neutral Evaluation Report 3 March 6, 2008# (3) Declaration Early Neutral Evaluation Report 3 March 6, 2008# (4) Proof of Service Early Neutral Evaluation Report 3 March 6, 2008)(Parker, Guy) (mjj, ) Modified on 3/12/2008 to clarify text (mjj, ) Attachment (s) added on 3/13/2008 (mjj, ). Modified on 3/13/2008 to add |

1    **Deemed Apparent Exclusive Jurisdiction US Court of Federal Claims**

2    66. Public Law 278 61 Stat. 638 evidenced in Title 1 U.S.C. §204 forbids references

3    to United States Code, for example 41 U.S.C. 601-613, not enacted into positive

4    law, from use in all courts, tribunals, and public offices of the United States to

5    base court judgments, orders, or opinions. Bills to enact Title 41 into positive

6    law failed. The illusion of the Court of Federal Claim exclusive jurisdiction is

7    addressed by referencing Pub. L. 95-563 in accordance with Pub. L. 278 61 Stat.

8    638. At issue is the clause "which are subject to sections 8(g) (1) and 10(a) (1) of

9    the Contract Disputes Act of 1978. The clause is an "A and B" wherein both

10   conditions "A" and "B" must exist for the clause to be in effect. If Congress had

11   intended otherwise, the clause would have been written "A or B" wherein either

12   condition causes the clause to be in effect. 41 U.S.C. §§ 601-613, as an

13   interpretation of Public Law 95-563, strips important leading words. A direct

14   substitution of the actual statement in Public Law 95-563 (amended) with 28

15   U.S.C. § 1346 is:

16   **28 U.S.C. § 1346. United States as defendant**

17   **(a)** The district courts shall have original jurisdiction, concurrent with the United
     States Court of Federal Claims, of: **(2)** Any other civil action or claim against the
18   United States, not exceeding $10,000 in amount, founded either upon the
     Constitution, or any Act of Congress, or any regulation of an executive department,
19   or upon any express or implied contract with the United States, or for liquidated or
     unliquidated damages in cases not sounding in tort, except that the district courts
20   shall not have jurisdiction of any civil action or claim against the United States
     founded upon any express or implied contract with the United States or for
21   liquidated or unliquidated damages in cases not sounding in tort which are subject
     to [AGENCY BOARDS OF CONTRACT APPEALS] sections 8(g)(1) **AND**
22   [ACTIONS IN COURT: JUDICIAL REVIEW OF BOARD DECISIONS] 10(a)(1)
     of the Contract Disputes Act of 1978.
23

24   The limitation of the district courts in 28 U.S.C. § 1346 are actions which are

25   first brought to the Agency Boards AND subsequently submitted for review of

26   Agency Board decisions in the United States Court of Federal Claims.

27   (Reference: Public Law - Congressional Legislation Reports). United States

28   District Courts are not permitted jurisdiction to review Agency Board decisions.

1

**Memorandum Points of Authorities Summary and Conclusion**

2  67. Case 3:08-cv-00212-L-WMC Request for Documents is completed. The required

3      FAR §1.602-1(§1.603-1) information and supporting documents were not

4      provided. The non-response is a violation of Federal law, Federal regulation, the

5      Government-wide Standards of Conduct for Federal Employees, and

6      Department of Air Force Acquisition Regulations. This non-response cannot be

7      done on behalf of the United States. The written requests for the required

8      documents to the person, the supervisor, and the agency are evidenced in this

9      court's records. The written requests to the person Betty W. Clingerman,

10     person's supervisor, and the agency in all possible capacities, were not

11     answered by Feb 22, 2008 and March 5, 2008 as are required to be readily

12     available to the public and government agencies on demand.

13

14  68. A related case was presented to the United States Court of Federal Claims in

15      accordance with Public Law 83-356 68 Stat. 81, law that was requested by the

16      Supreme Court of the United States in dissent and enacted into Public Law by

17      Congress for concurrent jurisdiction with the United States Court of Claims and

18      United States District Courts. The case was dismissed by the United States

19      Court of Federal Claims for lack of subject matter jurisdiction. That court

20      appears to desire to limit jurisdiction of contract claims to Pub. L. 95-563.

21

22  69. A Request for Entry of Default Judgement and Entry of Default Judgement of

23      $0.0 (zero dollars) against Betty W. Clingerman is asserted by this plaintiff.

24      Betty W. Clingerman, Betty W. Clingerman's supervisor, and the agency head

25      did not provide the 48 C.F.R 1.602-1 information and FAR 1.603 supporting

26      documents requested in Case 3:08-cv-00212-L-WMC.

27

28

1   70. Case No.: 3:08-cv-00212-L-WMC is completed with no requested amendment to
2        the Complaint by the plaintiff to this court.
3
4   71. Public Law 95-563 and 48 C.F.R 1.602-1 provides the express provision made
5        in a statute of the United States as the 28 U.S.C. § 1332 (b) exception for Case
6        No.: 3:08-cv-00212-L-WMC Request for Documents.
7
8   72. Potential damages in excess of $75,000 exist and may be invoiced to agency for
9        ratification as unauthorized agreements in accordance with the contract.
10
11  73. In the advent the agency elects to not support the actions of Betty W.
12       Clingerman during the process of ratification, a second complaint may be issued
13       in a United States District Court.
14
15
16                                              Dated this March 24, 2008
17                                              /s Guy W. Parker
18                                              DOD DSS OPM FSO #08UX5
                                                14924 Conchos Dr.
19                                              Poway, CA 92064
20                                              858-486-6469
21
22
23
24
25
26
27
28