UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY W. PARKER,<br><br>   Plaintiff,<br><br>v.<br><br>BETTY W. CLINGERMAN,<br><br>   Defendant. | Civil No. 08cv212 L(WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS ACTION WITH PREJUDICE [doc. #31] and DIRECTING ENTRY OF JUDGMENT** |

On February 4, 2008, Guy W. Parker, appearing *pro se*, filed what he designated as a "Pure Bill for Equitable Discovery of Contract Officer of Record" that the Court deemed a complaint. In his complaint, plaintiff seeks "Discovery of Contract Officer of Record for Contract GA8621-04-D-6250." On January 26, 2009, defendant filed a motion to dismiss the complaint for failure to serve the appropriate entities and for failure to file this action in the appropriate court, *i.e.,* the Court of Federal Claims. The motion to dismiss was set for hearing on April 6, 2009. On February 2, 2009, plaintiff filed a response to the motion to dismiss which stated "[t]he cause of action for this complaint is satisfied and concluded." (Response at 1.) Plaintiff contended that defendant's "Motion to Dismiss is moot." (Plf's Ps&As at 2.) Finally, plaintiff stated that "[t]his contractor requests the United States District Court Southern District of California conclude Case No.: 3:08-cv-00212-L-WMC." *Id.* at 10. Notwithstanding these statements, plaintiff provided "legal arguments" in opposition to the merits of defendant's

motion to dismiss.  (*See* Plf's Ps&As at 2-9.)   Aware of the inconsistent nature and intent of plaintiff's statements in his response to the motion to dismiss, the Court gave plaintiff an opportunity to either dismiss the action or go forward with the motion on the merits.  Plaintiff did not respond to the Court's February 9, 2009 Order.  Accordingly, the Court enters the following decision on the merits of defendant's motion to dismiss.

### 1. Insufficiency of Service of Process

Federal Rule of Civil Procedure 4(m) requires a plaintiff to effectuate service of process on defendants within 120 days after the filing of the complaint.  If plaintiff fails to serve the complaint within the time provided, Rule 4(m) further provides the court "shall dismiss the action without prejudice as to that defendant or direct that serve be effected within a specified period of time."

Additionally, under Federal Rule of Civil Procedure 12(b)(5), a case may be dismissed for insufficient service of process.  A 12(b)(5) motion properly challenges the mode of delivery or lack of delivery of the summons and complaint.  *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006); *United States v. Hafner*, 421 F.Supp.2d 1220, 1223, n. 3 (D.N.D. 2006).

Plaintiff filed his complaint on February 4, 2008, and a summons was issued.  On February 8, 2008, plaintiff filed a return of summons [doc. #3] that was subsequently stricken from the record because of several procedural deficiencies which prevented effective service of process.  (*See* Order filed February 12, 2008 [doc. #7].)  Thereafter, plaintiff filed a return of service with respect to defendant Betty Clingerman.  (*See* doc. # 9.)

On March 5, 2008, the office of the United States Attorney for the Southern District of California filed a "notice of failure to serve defendant."  (*See* doc. #12.)  The notice sets forth that plaintiff sought certain documents to which he claimed he was entitled pursuant to a contractual relationship with the United States Air Force.  The government pointed out that defendant was named as a federal employee in her individual capacity.  *Id.*  Nevertheless, the United States concluded that plaintiff's complaint should properly be directed only at the federal employee defendant in her official, not individual, capacity.  But whether defendant is named as a federal employee in her official or individual capacity, the United States argued correctly that

under Federal Rule of Civil Procedure 4(i), plaintiff failed to serve the proper entities.

Rule 4(i) provides in relevant part:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
>     (1) United States. To serve the United States, a party must:
>
>         (A)(i) deliver a copy of the summons and of the complaint to **the United States attorney for the district where the action is brought**--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
>         (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>         (B) **send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.**; and
>
>         (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
>     (2) Agency; Corporation; Officer or **Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or **employee sued only in an official capacity**, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
>     (3) Officer or **Employee Sued Individually**. To serve a United States officer or **employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity)**, a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

FED. R. CIV. P. (4)(i)(1), (2), and (3)(emphasis added).

The Court concurred with the United States' conclusion and plaintiff cannot dispute that defendant was a federal employee and therefore, compliance with Rule 4(i) was required when it denied plaintiff's requests for entry of default against Betty Clingerman on March 13, 2008. (*See* Order at 2 [doc. #17].)

To date, plaintiff has made no showing that service on the U.S. Attorney for this district or the Attorney General of the United States has been made. Therefore, plaintiff has failed to

properly effectuate service of process within the time provided under Rule 4(m) or at any time this action has been pending. Dismissal of the action therefore 3is appropriate.

A dismissal for failure to properly effectuate service of process is often without prejudice because service could possibly be made in accordance with the Federal Rules of Civil Procedure. But here, plaintiff has been warned repeatedly of the necessary steps to properly effectuate service and has steadfastly failed to comply. This unfortunate pattern of noncompliance with the Federal Rules of Civil Procedure, the Civil Local Rules and the orders of this Court requires no additional opportunities for plaintiff to properly serve defendant under Federal Rule of Civil Procedure 4(i).

### 2.   **Improper Forum**

Defendant also argues that this action must be dismissed because it was raised in an improper forum, *i.e.*, in the United States District Court rather than the United States Court of Federal Claims. As noted above, plaintiff unequivocally asserted that the action "is based on an express contract between this petitioner and a government agency" and relies on the Federal Contract Disputes Act of 1978 ("CDA"). (Complaint at 4).

The CDA governs disputes that arise from or relate to contracts to which the United States is a party under certain statutorily defined circumstances. *See* 41 U.S.C. § 602.

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of ... [a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, **except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a) (1) of the Contract Disputes Act of 1978.**

28 U.S.C. § 1346 (emphasis added).

In the present case, plaintiff attempts to dodge the jurisdiction of the Court of Federal Claims by contending that he has named a private individual in her personal capacity as a defendant and not as a federal employee. The substance of plaintiff's complaint belies his contention. This action is a contract dispute between a government agency and plaintiff to

which the named defendant is a federal employee.  Thus, Betty Clingerman is a proper defendant, if at all, only because of her status as a government employee.

Even if defendant was named as a government employee and if plaintiff had properly effectuated service of process under Rule 4(i), which he has failed to do, the Court does not have jurisdiction over this dispute concerning a contract with the United States.  Plaintiff's effort to recharacterize his action so as to fall outside the scope of the CDA is without merit.  Because this Court does not have jurisdiction over this matter, plaintiff's complaint will be dismissed with prejudice.

Based on the foregoing, **IT IS ORDERED granting** defendant's motion to dismiss this action with prejudice.  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  April 21, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL